## Meckie L. Rawson
## v.
## Stephen W. Rawson.

35  505
72  178

35  505
108  ³302

*Criminal Law—Contempt—Presence of Court—Commitment—Order for —Requisites of—Jurisdiction.*

1. A contempt is a criminal offense, and a sentence of imprisonment for a contempt is a judgment in a criminal case.

2. Such an offense not being punishable in the penitentiary, is a misdemeanor.

3. Proceedings of this character should be in the name of the people.

4. Where an order for commitment for contempt constitutes the entire record, it is the duty of the court making the same, to set out fully therein in what the contempt consisted, in order that an appellate court may see whether the judgment was warranted.

5. The order for commitment of a person guilty of contempt in the presence of the court, should show that the defendant was in court when judgment was entered.

6. This court has authority to review judgments of courts of record in contempt cases.

[Opinion filed March 24, 1890.]

In error to the Superior Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. W. P. Black and Seth F. Crews, for plaintiff in error.

Messrs. Goudy & Green and H. C. Whitney, for defendant in error.

Moran, J. The entire record (except the *placita*) in this case is as follows:

" Meckie L. Rawson }
        v.              }   Bill.
Stephen W. Rawson. }

The complainant having committed a contempt of this court in the presence of this court,

It is ordered that said complainant, Meckie L. Rawson, be, and she is hereby adjudged to be in contempt of this court, and that she, the said Meckie L. Rawson, stand committed to the common jail of Cook county for the term of sixty days from this date.

And afterward, to wit, on the 9th day of July, A. D. 1888, the same being one of the days of the July term of said court, the following, among other proceedings, were had in said court and entered of record, to wit:

MECKIE L. RAWSON  
      v.          }  Bill.  
STEPHEN W. RAWSON.

This day cometh complainant, and moves to vacate the order entered herein June 1, 1888, confining the said complainant in the county jail for contempt of court. After argument of counsel said motion is denied."

The order of commitment reciting that the contempt was in the presence of the court, the first question is as to the authority of this court to review the judgment. In Clark v. The People, Breese, 340, it was held that the Circuit Court had no jurisdiction to review the judgment of a magistrate for a contempt committed in his presence. From the opinion in the case it may be inferred that a judgment for contempt is subject to review, but the only point decided is that the statute gave no appeal from the judgment of the justice imposing a fine for contempt, and that the Circuit Court properly dismissed the appeal. The case is not, therefore, an authority that a judgment in a proceeding for contempt is not reviewable.

In Stuart v. The People, 3 Scam. 395, the Supreme Court took jurisdiction to review a judgment of the Circuit Court in a contempt proceeding on a writ of error, on the ground that that court had power under the statute to review the final judgment of any inferior court of record in the State, where the judgment decides the right of property or of personal liberty. A contempt is a criminal offense, and a sentence of imprisonment for a contempt is a judgment in a criminal case. Such an offense not being punishable in the

penitentiary, is a misdemeanor, and this court has, by statute, jurisdiction of all writs of error from final judgments in this district in misdemeanors.    McDonald v. The People, 25 Ill. App. 350; Beattie v. The People, this court, October term, 1889.

It was the constant practice of the Supreme Court to review on error the judgments of the Circuit Court and of the Criminal Court of Cook County in contempt matters before the establishment of the Appellate Court, and it has been the practice of this court to review such judgments whenever the record of such a case has been presented and error assigned. It is, then, the established law of this State that judgments of courts of record in contempt are subject to review.    It is true that none of the reported cases appear to have been contempts committed in the presence of the court, but if contempts are subject to review at all, no valid reason can, as we believe, be suggested why contempts committed in the presence of the court should be distinguished from others in that regard, and judgments of fine or imprisonment therein exempted from the revisory jurisdiction of an appellate tribunal.    A court is just as liable to err against the accused in a proceeding to punish him for a direct contempt, as for a constructive one; and, as the Supreme Court said in Stuart v. The People, *supra*, "Perilous, indeed, would be the condition of the citizen, if he had not the privilege in such a case to have it reviewed by another tribunal, and defective would be our jurisprudence if it afforded no means of relief."

Coming, then, to consider the record presented to us in the case, we have first to notice an irregularity in the entitling of the judgment.    The proceeding, as we have before said, is a criminal prosecution, and as such is required by the constitution to be carried on in the name and by the authority of the People of the State of Illinois.    Art. 6, Sec. 33.

The case in which the order of imprisonment is entered is in chancery, the proceeding by bill.    If the act was a civil, as distinguished from a criminal contempt, that is, if the power of the court was being exercised to compel obedience to some order made for the benefit of a party to the suit, as an injunc-

tion or the like, then perhaps the order might be entitled in the suit between the parties. People v. Craft, 7 Paige, 325; Fisher v. Hayes, 6 Fed. Rep. 63; though, even in such a case, it would be certainly more regular to entitle the contempt proceedings in the name of the people; but where the punish-ment is inflicted for an offense offered to the dignity of the court, as for words or acts in the presence of the court insult-ing to the judge or in violation of the proper order and decorum of the court room, there the people come to demand judgment and punishment, and there the order and all the proceedings should be in their name. It is not in this tech-nical respect only that the order in this case is defective. On error, in order that the judgment may stand, a good record must be shown. In a criminal proceeding an indictment sufficiently charging facts which constitute a crime, would have to be shown by the record in order to sustain a convic-tion, and in a civil action, in order to support the judg-ment, a declaration setting out a cause of action, good in substance, and, in all cases, the jurisdiction of the court over the person of the defendant must be shown by the service and return of process, or by the appearance of the party in court, in the suit or proceeding. Miller v. Glass, 14 Ill. App. 177.

In this order no service on the plaintiff in error is shown, and it does not appear that she was present in court when she was adjudged guilty of the contempt. A court may commit for contempt in its presence, without the service of any proc-ess on the defendant, but in such case ·the order of commit-ment should show that the defendant was present in court when the judgment was entered, else there is no way of ascer-taining whether the court had jurisdiction of the person.

The contempt may occur at any time, and the guilty party may be arrested and brought in to answer for it long afterward, but no judgment against him would be valid, which should be entered in his absence and without the service of any process or rule of the court upon him requiring his appearance. Hol-comb v. Cornish, 8 Conn. 374; State v. Matthews, 37 N. H. 450. The order or judgment does not set out in what the con-

tempt consisted.  A commitment in contempt is an anomaly
in legal procedure.   Where the contempt is in the presence of
the court, and the punishment is there and then imposed, the
commitment need not be preceded by any order to show
cause, or by the filing of any interrogatories, or the statement
of a charge in any form.   State v. Coff, 15 N. H. 212.   The
order of commitment is on the whole record, hence it is, in
our opinion, essential that it shou'd contain a statement of the
facts in which the contempt is alleged to consist.   We are
aware that it has been often held that a judgment or sentence
for contempt is valid without any recital of the conduct or
facts which constitute the contempt.   Rapalje on Contempt,
Sec. 128.

But in such cases there was no authority or jurisdiction to
review the contempt proceeding.   We have seen that it is the
duty of this court to review judgments of courts of record in
contempt cases, and it would be idle to confer such jurisdic-
tion and impose such duty, if it is in the power of the court
committing, to do so by an order or warrant, general in form,
and containing no statement of facts on which the order is
based.   To so hold, would be to give a review of the form of
the order merely, and to deprive a defendant of all opportu-
nity to test, in the appellate tribunal, the question as to whether
the act or acts of which he was guilty, constituted a contempt
at all.   In other words, a direct review on writ of error would
avail no more than a collateral examination of the order of
commitment on habeas corpus, for in that proceeding the
mere question of whether there is, in fact, an order of com-
mitment by a court having power to punish for contempt,
may be determined.   In many instances, appellate courts
have exercised a revisory jurisdiction on habeas corpus, to
ascertain whether the order of commitment was rightfully
made.   The People v. Hackley, 24 N. Y. 75; Burnham v.
Morrissey, 14 Gray, 226; Commonwealth v. Newton, 1 Grant's
Cases, 453; Holman v. Mayor of Austin, 34 Texas, 668.

Such a doctrine grows out of the necessity of furnishing
some remedy to the citizen, in jurisdictions where a direct
review of the judgment by appeal or writ of error is not

allowed; hence the illogical alternative of turning habeas corpus into a writ of error, and revising collaterally, what the court had no power to review directly. Such decisions, however, seem to demonstrate the propriety, at least, if not the necessity, of a statement in the commitment, of the grounds of the contempt. Where the contempt is in the presence of the court, the proceeding is in the highest degree summary; the judgment and punishment is usually immediate, and upon the spot; the commitment is a commitment in execution There need be, and usually is, no counsel acting for the accused person, to advise him, or take proper steps to protect his rights. A bill of exceptions in such a case is impracticable, and to hold that unless the facts were preserved, as by such a pleading, the judgment general in form should be held conclusive, would be introducing into a summary proceeding a technical pleading, not for the purpose of promoting justice, but to embarrass the citizen in obtaining relief from what may be an unjust imprisonment. Where, therefore, the only record that is in fact made, or that the law requires to be made, is the order of commitment, and where judgments in contempt are subject to review on error, we hold the reasonable and just rule to be, that the order of commitment should state the facts or conduct constituting the contempt, and that where no statement as to the nature of the acts or words of the defendant is made in the order, the same should be reversed. In other words, where a direct review of such a summary judgment is given by law, it is the duty of the court that makes the order, said order constituting the entire record, to set out fully in the commitment in what the contempt consisted, in order that the Appellate Court can see from the order, whether the judgment is warranted. As said in Bushnell's case, Vaughn, 135, the cause of the imprisonment ought "to appear as specifically and certainly to the judges of the return, as it did appear to the court or person authorized to commit, else the return is insufficient, and the consequences must be, that either the prisoner, because the cause returned of his imprisonment is too general, must be discharged, whereas, if the cause had been more particularly

returned, he ought to have been remanded, or else he must be remanded; when, if the cause had been particularly returned he ought to have been discharged."

This was said in a habeas corpus case, and while there may be doubt as to the correctness of the rule in such a case, it seems to us to be appropriate and applicable where the sufficiency of the record of a summary conviction is brought to test on review in a direct proceeding. Whatever the judges of this court may have gathered from common report as residents in this community as to the grounds of this contempt, we can, as a court, know only what the record discloses to us, and from this record we can perceive no grounds or basis for the order of commitment brought up for review. For the errors indicated the judgment must be reversed, but there will be no costs against the nominal defendant in error.

*Judgment reversed.*