## Daniel K. Pearsons et al. v. William Jarvis Jones et al.
## Carl V. Wisner, Appellant, v. Henry W. Leman, Appellee.

### Gen. No. 16,471.

1. CONTEMPTS—*when criminal in character.* Misconduct of an attorney during the taking of testimony before a master in chancery constitutes a criminal rather than a civil contempt.

2. CONTEMPTS—*how criminal contempts reviewed.* The proceedings had in a prosecution for a criminal contempt can only be reviewed by writ of error.

3. CONTEMPTS—*how criminal should be prosecuted.* Criminal contempts should be prosecuted in the name of and by the people.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Dismissed. Opinion filed April 25, 1912.

WILLIAM R. Moss, for appellant.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Carl V. Wisner, an attorney at law practicing at

this bar, seeks by an appeal to have this court review the action of the chancellor in finding him guilty of contempt and imposing punishment therefor. The finding of the court was made upon a showing by certificates of a master in chancery touching the conduct of the attorney, Wisner, during the taking of testimony before the master, and upon the answers of Wisner seeking to justify his conduct.

The alleged contempt consisted solely of the misconduct of the attorney during the taking of testimony before the master. It therefore is a criminal rather than a civil contempt. In The People v. Diedrich, 141 Ill. 665 (669), the court said:

"Prosecutions for contempt are of two kinds. When instituted for the purpose of punishing a person for misconduct in the presence of the court, or with respect to its authority or dignity, it is criminal in its nature. When put upon foot for the purpose of affording relief between parties to a cause in chancery it is civil—sometimes called remedial. Numerous authorities could be cited in support of this distinction, but the decisions of this court leave no doubt on the subject."

This being true, it follows, in our opinion, that this matter is not properly before us by an appeal in the case in which the contempt is alleged to have been committed during the taking of testimony. The case before us is entitled "Daniel K. Pearsons et al. vs. William Jarvis Jones et al.," with the additional title of "Carl V. Wisner, Appellant, vs. Henry W. Leman, Appellee." Leman does not appear here, and the record discloses him to have been a witness who testified before the master. He could not properly appear here as a party. Neither does anyone else appear as appellee, and indeed we can conceive of no one who could properly appear in this court as appellee in this cause. The proper opposing party is The People,

and this court can only review the action of the trial court when such action is brought here by writ of error, after proper notice to the representative of The People.

In Rawson v. Rawson, 35 Ill. App. 505 (508), the late Judge Moran, speaking for the court, said: "Where the punishment is inflicted for an offense offered to the dignity of the court, as for words or acts in the presence of the court insulting to the judge or in violation of the proper order and decorum of the court room, there the people come to demand judgment and punishment, and there the order and all the proceedings should be in their name."

Among the many cases cited by counsel, and the many which we have examined in the books, we do not find a single one where a criminal contempt was reviewed by an appellate court upon appeal.

We do not pass upon the merits of this matter or upon the many points discussed by counsel, for the reason, as above indicated, that we hold this cause is not properly before us and that in our opinion the appeal should be dismissed.

*Appeal dismissed.*