# The People of the State of Illinois, Appellee, v. Cornelius S. O'Meara, Appellant.

## Gen. No. 25,186.

1. CONTEMPT, § 53*—*when contention that proceeding for criminal contempt must be prosecuted in name of People of the State is without force.* Where, on a proceeding to punish for a criminal contempt, all of the proceedings, including the order of commitment, are entitled in the name of the People, a contention that such a proceeding must be prosecuted in the name of the People of the State is without force.

2. CONTEMPT, § 70*—*when order of commitment for criminal contempt sufficiently sets forth in what contempt consisted.* Where an order committing one for criminal contempt discloses that he, personally, came into court upon the hearing of the account of a guardian who had been theretofore removed by the Probate Court, and was asked by the trial judge to take the witness stand and refused to do so, that the court requested that he be sworn as a witness on the hearing and directed that the clerk swear him and that he thereupon refused to be sworn, stating in open court that he did and would refuse to be sworn and did and would refuse to testify, and that the court found that the proceedings so recited were had in open court, when the court was in session and in the presence of the court, its officers and the attending public, such order sufficiently sets forth in what the contempt consisted.

3. CRIMINAL LAW, § 393*—*how criminal prosecutions can be reviewed.* All criminal prosecutions sought to be reviewed, whether by the Supreme Court or by the Appellate Court, must be brought up by writ of error.

4. CONTEMPT, § 74*—*order committing for criminal contempt not reviewable by appeal.* Appeal will not lie from an order committing one to imprisonment for criminal contempt.

Appeal from the Probate Court of Cook county; the Hon. HENRY HORNER, Judge, presiding. Heard in this court at the March term, 1919. Appeal dismissed. Opinion filed December 8, 1919.

MICHAEL F. RYAN, for appellant.

MACLAY HOYNE, EDWARD E. WILSON and ROBERT W. DANIELS, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Holdom delivered the opinion of the court.

This is an appeal from an order committing appellant to imprisonment for 30 days for contempt of court committed in the presence of the court.

This is a criminal contempt and so conceded to be by all the parties to the record.

Appellant urges that this being a criminal contempt, the proceedings must be prosecuted in the name of the People of the State. All the proceedings, including the order of commitment, are entitled in the name of the People, so this contention has no force. Such is the orderly course of procedure under article VI, sec. 33 of the present constitution as held by many decisions. *Stuart v. People,* 4 Ill. (3 Scam.) 395; *Oster v. People,* 192 Ill. 473; *Rawson v. Rawson,* 35 Ill. App. 505, and other cases.

It is likewise contended that the order of commitment does not set forth fully in what the contempt consisted. An examination of the order establishes the fallacy of this contention. The order discloses that appellant came personally into court upon the hearing of the account of Ellen McCormick, guardian of two minors, Albert J. and Robert P. McCormick, who had been theretofore by order of the Probate Court removed as such guardian, and that upon such hearing the trial judge asked appellant to take the witness stand, which he refused to do. The court thereupon requested appellant to be sworn as a witness and requested the clerk of the court, who was present, to swear appellant as a witness on the hearing before the court, whereupon appellant refused to be sworn and refused to permit the clerk of the court to propound the oath to him as a witness, stating in open court that he did refuse and would refuse to be sworn as a witness in the cause and that he would and did refuse to testify on said hearing. The court found that the proceedings so recited were had in open court when

the court was in session and in the presence of the court, its officers and the attending public.

This states the proceedings and the findings of the court sufficiently to support the order of commitment. However, we have no jurisdiction over this appeal because the review of all judgments in criminal cases must be prosecuted by writ of error. *French v. People*, 77 Ill. 531; *People v. Johnson*, 285 Ill. 194.

The rule is uniform in this State that all criminal prosecutions sought to be reviewed, whether by the Supreme or Appellate Court, must be by writ of error. *Wisner v. Leman*, 170 Ill. App. 84.

For the lack of jurisdiction to review the errors assigned on this appeal in any other way than by writ of error, this appeal is dismissed.

*Appeal dismissed.*