**The People of the State of Illinois (Benjamin S. Belt and Edward L. Eagle), Plaintiffs in Error, v. Elmer Saylor et al., Defendants in Error.**

## Gen. No. 7,383.

1. CONTEMPT—*record required.* Commitment having been made for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made was the order of commitment.

2. CONTEMPT—*order of commitment should set out facts constituting offense.* Order of commitment for contempt committed in open court should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order.

3. CONTEMPT—*facts taken to be true on appeal.* On appeal from an order committing one for contempt in open court, facts stated in the order must be taken to be true.

4. CONTEMPT—*order of commitment to show presence of contemner.* Contempt in presence of court being in its nature criminal, order of commitment should show presence in court of the party guilty of contempt when the penalty was imposed.

5. CONTEMPT—*order to show disposition of fines.* Orders of commitment for contempt in presence of court should state to whom fines are payable.

6. CONTEMPT—*order must show what ruling violated.* Order of commitment for contempt in open court by refusing to abide rulings of court must state what rule of the court the contemner failed to abide.

Error by plaintiffs to the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this

court at the April term, 1925.  Reversed.  Opinion filed August 3, 1925.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for plaintiffs in error; J. J. NEIGER and CYRUS E. DIETZ, of counsel.

OSCAR CARLSTROM, Attorney General, BENJAMIN S. BELL, State's Attorney, JAMES D. BRUNER, Asst. State's Attorney, for defendants in error; EDWARD L. EAGLE, of counsel.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is a writ of error to the circuit court of Rock Island county, sued out by Benjamin S. Bell and Edward L. Eagle, plaintiffs in error, who are respectively State's Attorney and Assistant State's Attorney of Rock Island county.  They were fined for an alleged contempt of court, occurring during the trial of a criminal case in that court entitled ''The People, etc., v. Elmer Saylor, et al.''  Exceptions were preserved to the ruling of the court and to the sufficiency of the order and judgment.  Plaintiffs in error entered their motion for a stay of commitment, and for time to secure a writ of error and supersedeas from this court, which motion was allowed.  The order of commitment is as follows:

''And now, on account of improper remarks and charges made by Benjamin S. Bell, State's Attorney, and Edward L. Eagle, Assistant State's Attorney, in open court during the trial of this cause, against the court and not abiding the ruling of the court, they are held to be in contempt of court, and it is ordered by the court that the said Edward L. Eagle be and he hereby is fined the sum of one hundred dollars, and that he stand committed to the county jail until said fine is paid, and that the said Benjamin S. Bell be and he hereby is fined the sum of three hundred dollars, and that he stand committed to the county jail until

said fine is paid. And now the said Edward L. Eagle and Benjamin S. Bell, except to the ruling and sufficiency of the order and judgment, and each of them enter herein their motion for a stay of commitment and for time to secure a writ of error and supersedeas from the Appellate Court of the Second District of the State of Illinois, which motion is allowed, and the issuance of the writ of commitment is stayed until May 10th, A. D. 1924. And the said Edward L. Eagle and Benjamin S. Bell are each given until May 10th, A. D. 1924, in which to file a Bill of Exceptions.''

The errors relied upon for reversal are that the order of commitment is invalid, and void because it does not set out any facts constituting the contempt; that it does not recite what the contemptuous conduct consisted of; what ruling of the court they failed to obey; that the order had no title and fails to show who was bringing the contempt proceedings; that it does not show that plaintiffs in error were present in court at the time the order was entered; and that it does not show to whom the fines should be paid.

It will be observed that the order of commitment merely states that ''on account of improper remarks and charges made by plaintiffs in error in open court during the trial of this cause, against the court and not abiding the ruling of the court, they are held to be in contempt of court,'' etc. The commitment having been made for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made is the order of commitment. However, that order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, and the facts stated must be taken to be true. *People v. Hogan,* 256 Ill. 496 (499). The object of requiring these facts to be shown in the record is to enable the reviewing court to see whether they amount to a contempt, and thus to determine from them the jurisdiction of the trial court. 6 R. C. L., ''Contempt,''

sec. 49. The order in this behalf contains no such recitals and therefore is invalid and void. It also fails to show whether or not the plaintiffs in error were present in court at the time the order was entered. The alleged contempt against the court was in its nature criminal, and the order should show the presence in court of the plaintiffs in error when the penalty was imposed. Cases in this State in which it is held that the presence in court of the party against whom the penalty was entered need not be shown in the order are those involving civil contempts. (*Barclay v. Barclay*, 184 Ill. 375.) The order should also state to whom the fines are payable (6 R. C. L., "Contempt," sec. 48; *McDonald v. People*, 86 Ill. App. 558, 560), and what rule of the court plaintiffs in error failed to abide. Since the order is insufficient in the particulars above recited, the judgment of contempt in the circuit court is reversed.

*Judgment reversed.*