R. F. Tunnell, Jr., Plaintiff in Error, v. People ex rel. Henry G. Miller, Defendant in Error.

 Opinion filed June 5, 1929.

R. F. Tunnell, Jr., *pro se.*

Pope & Driemeyer, for defendant in error.

Mr. Justice Newhall delivered the opinion of the court.

Plaintiff in error sued out of the Supreme Court a writ of error to review judgment against him for contempt of court imposed by the circuit court of Madison county for conduct on the part of the plaintiff in error as counsel in a cause then pending before the court and a jury. The Supreme Court held that it had no jurisdiction, and, accordingly, transferred the cause to this court. (See *People ex rel. Miller v. Tunnell,* 331 Ill. 307.)

The entire record, certified by the clerk of the trial court (except the *placita*), is as follows:

"In the Matter of *Otto Thurnau vs. J. B. Clifford,* R. F. Tunnel for contempt.

"Now on this day January 17, 1928—The Court having admonished counsel for plaintiff as to his conduct in the trial of the foregoing case and having ruled that counsel for defendant might ask a reasonable number of preliminary cross-questions of plaintiff, and counsel for plaintiff having repeatedly interrupted and by his general attitude, facial expression and conduct in rising from his chair and pushing papers on counsel's table shown and expressed his displeasure of the ruling of the Court, and said counsel, R. F. Tunnel having further, notwithstanding said ruling of the Court said

'Well we have some rights' and otherwise interrupted the proceedings after warning by the Court that such action would not be tolerated,—and in the presence of the jury—this Court finds that the said R. F. Tunnel is and he hereby is declared and adjudged to be in contempt of this Court, and it is ordered that said R. F. Tunnel be and he hereby is fined the sum of Twenty-five ($25.00) for said contempt and in default of said payment to the Clerk of this Court instanter, the said R. F. Tunnel is ordered committed to the common jail of Madison County, Illinois, there to remain until he purges himself of said contempt by the payment of said fine.''

Plaintiff in error has assigned as error that the trial court erred in holding plaintiff in error in contempt of court; that the person adjudged to be in contempt was not properly before the court; that the facts set forth in the order are not sufficient showing to warrant the judgment order, and that the judgment is not proper on the showing made upon the face of the order of the trial court.

The commitment having been for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made is the order of commitment. That order, however, should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, and the facts stated must be taken to be true. (*People v. Hogan,* 256 Ill. 496, 499.)

The object of requiring these facts to be shown in the record is to enable the reviewing court to see whether they amount to a contempt, and then to determine from them the jurisdiction of the trial court. (6 R. C. L., sec. 49; *People v. Saylor,* 238 Ill. App. 142.)

In *Lester v. People,* 150 Ill. 408, it was said by the court, on page 423, as follows:

"When the contempt consists of something done or omitted, in the presence of the court, tending to impede or interrupt its proceedings or lessen its dignity, or, out of its presence, in disregard or abuse of its process, or in doing some act injurious to a party protected by the order of the court, which has been forbidden by its order, the proceeding is punitive, and is inflicted by way of punishment for the wrongful act, and to vindicate the authority and dignity of the People, as represented in and by their judicial tribunals. In such cases, although the application for attachment, when necessary to be made, may be made and filed in the original cause, the contempt proceeding will be a distinct case, criminal in its nature, and may properly be docketed and carried on as such, and the judgment entered therein will exhaust the power of the court to further punish for the same act and offense."

In *People v. O'Meara,* 216 Ill. App. 173, it was held that, in a proceeding committing a party to imprisonment for contempt of court committed in the presence of the court, such act constituted a criminal contempt, and it was further held that, being a criminal contempt, all of the proceedings must be prosecuted in the name of the People of the State, and that such is the orderly course of procedure under article VI, section 33 of the present State Constitution.

The record proper in the present case does not purport to be entitled in the name or by the authority of the People of the State of Illinois. The order entered appears to be one entered and entitled as one in a civil proceeding.

In *Rawson v. Rawson,* 35 Ill. App. 505, 508, the late Judge Moran, speaking for the Appellate Court, said:

"Where the punishment is inflicted for an offense offered to the dignity of the court, as for words or acts in the presence of the court insulting to the judge or in violation of the proper order and decorum of the

426

court room, there the people come to demand judgment and punishment, and there the order and all the proceedings should be in their name.''

The order entered also fails to show whether or not plaintiff in error was present in the court at the time the order was entered. The alleged contempt against the court was in its nature criminal, and the order should show the presence in court of the plaintiff in error when the penalty was imposed. (*People v. Saylor*, 238 Ill. App. 142; *Rawson v. Rawson*, 35 Ill. App. 505.)

Being of the opinion that the order is insufficient for the reasons above set forth, the judgment of contempt in the circuit court is reversed.

*Judgment reversed.*