**C. K. Anderson, Appellee, v. Richard Macek et al., Appellants.**

**Gen. No. 8,337.**

Opinion filed September 4, 1931. Rehearing denied December 17, 1931.

GEORGE W. FIELD, for appellants.

RUNYARD & BEHANNA, for Leo Dailey, Receiver.

MR. JUSTICE WOLFE delivered the opinion of the court.

The complainant filed a bill in the circuit court of Lake county to foreclose a deed of trust on certain real estate, on which was located an amusement hall known as "The Palace." The court appointed a receiver to take charge of the premises. The receiver took charge, locked the doors and windows of the building, and had general supervision over the same. Richard Macek was the owner of the building and had purchased the chattel property to furnish the building from the appellant Lowry. To secure Lowry for the purchase price of said chattel property, Macek had executed to said Lowry a chattel mortgage for $10,000 covering part of the chattel property inside the "Palace." This

chattel mortgage was not paid when due, and a new chattel mortgage was executed by the parties after the receiver had been appointed by the court.

After the building had been closed and locked by the receiver, Lowry consulted a lawyer by the name of Welch relative to the situation. Welch advised him fully in regard to the same and advised him to replevin the property. He accordingly filed a preliminary affidavit, gave a replevin bond which the appellant Abt signed as surety. The writ was placed in the hands of a deputy sheriff, who broke the lock on the door and entered the building. The property mentioned in the chattel mortgage to Lowry was removed. At the instance of the receiver citations were issued against all the defendants to show cause why they should not be held in contempt of court because of their interference with the property which had been placed in the custody of the court. On a hearing the court found Lowry, Macek, and Abt guilty of contempt and sentenced them to jail for specific terms and also assessed fines against each of them.

On oral argument, counsel for each of the respective parties say that if there is contempt in this case it is a criminal contempt and should be governed by the rules of law governing the same; but, that the judge who heard the case was of the opinion that it was civil contempt and in his order provided for an appeal to the Appellate Court. Appellants' attorney contends, in view of the judge's holding, that the contempt, if anything, is a civil and not a criminal contempt, and there was nothing for him to do but give an appeal bond in order to save his clients from going to jail. Appellee's attorney insisted that it is criminal contempt and that this court has no jurisdiction on appeal, and that the case should have been brought to this court by a writ of error. The appellee has entered a written motion to dismiss the appeal on this ground.

Numerous questions have been raised by counsel, but we think that the decision on two questions will dispose of the case. Usually it is not difficult to decide whether contempt is a civil or a criminal proceeding. The court in the case of *Lester v. People,* 150 Ill. 408, 422, clearly describes a criminal contempt. We think the language as there expressed is very applicable to this case. We are of the opinion that this is a criminal contempt, and as such should have been brought to this court on a writ of error. (*Oster v. People,* 192 Ill. 473; *Kneisel v. Ursus Motor Co.,* 323 Ill. 452.) If it were not for another feature in the case we would dispose of it by dismissing the appeal.

It appears from the record that all of the orders in this case were entitled and entered in the original proceeding as a chancery proceeding. This being a criminal contempt the proceeding should have been prosecuted in the name of the People of the State of Illinois. (*People v. O'Meara,* 216 Ill. App. 173; *Rawson v. Rawson,* 35 Ill. App. 505, 508; *Lester v. People, supra; Oster v. People,* 192 Ill. 473; *Tunnell v. People ex rel. Miller,* 253 Ill. App. 422.) In *Lester v. People,* 150 Ill. 408, 423, it is said, "When the contempt consists of something done or omitted, in the presence of the court, tending to impede or interrupt its proceedings or lessen its dignity, or, out of its presence, in disregard or abuse of its process, or in doing some act injurious to a party protected by the order of the court, which has been forbidden by its order, the proceeding is punitive, and is inflicted by way of punishment for the wrongful act, and to vindicate the authority and dignity of the People, as represented in and by their judicial tribunals. In such cases, although the application for attachment, when necessary to be made, may be made and filed in the original cause, the contempt proceeding will be a distinct case, criminal in its nature, and may properly be docketed and carried on as such, and the judgment entered therein will

exhaust the power of the court to further punish for the same act and offense.'' This case was docketed as a chancery case, and does not purport to be at the instance of, or by the authority of the People of the State of Illinois. It being a criminal contempt case, we are of the opinion that the court was at the time of the hearing without authority to find the defendant guilty of contempt of court. For the reasons above stated the judgment of the circuit court of Lake county is hereby reversed.

*Reversed.*