The People of the State of Illinois, Defendant in Error,
v. Robert A. Bain, Plaintiff in Error.

Gen. No. 35,678.

Heard in the first division of
this court for the first district at the February term, 1932.
Opinion filed November 14, 1932.

DENEEN, HEALY & LEE, for plaintiff in error; DONALD
N. SCHAFFER, of counsel.

John A. Swanson, State's Attorney, for defendant in error; Angus Roy Shannon, Elwood G. Godman and Edward R. Johnston, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

By this writ of error Robert A. Bain seeks the reversal of an order committing him to jail for 10 days for a direct contempt of court, based upon alleged false testimony given by him as a witness upon a hearing upon the petition of the receiver in the case of *Seaborg v. John Bain, Inc., a corporation.*

He has petitioned this court for a writ of mandamus, commanding the trial judge to sign a bill of exceptions to show what was said or done in the matter, but we held that as this was alleged to be a direct contempt, criminal in its nature, it must on review be considered on the order alone, and that a bill of exceptions has no proper place in the record. *People ex rel. Robert A. Bain v. Feinberg,* 266 Ill. App. 306.

It follows that the order of commitment must be scrutinized carefully in order to determine whether it sets out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order. The order recites that the matter came on before the court on a petition of the receiver to discover assets belonging to the estate of John Bain, Inc.; "that at said hearings Robert Bain testified that neither he nor his father, John Bain, nor his brother, John H. Bain, had any interest in the South Side Agency & Loan Corporation, a company conducting its affairs and business and having its office in the city of Chicago." He further testified that neither of these persons held any stock directly or indirectly in this corporation and had no investment therein. The order recites "that it was necessary and material upon said hearing to ascertain and determine what finan-

cial interest, if any, the said John Bain, John H. Bain and Robert Bain had in said company. That at a subsequent hearing in said first above entitled cause held on November 18, 1931, with the same parties present and represented as above found, the said Robert Bain again being called to testify and being sworn, testified that he had paid Mr. Crawford One Hundred Dollars ($100.00) at the time of the organization of said South Side Agency & Loan Corporation to be invested for him in the stock of said Company, and that said Crawford was holding said stock in said corporation for him, and also testified that the said company in reality belonged to John Bain, Robert Bain and John H. Bain, and that said respondent then and there admitted in open court that the said testimony given by him under oath at the previous hearing of the subject matter was not true.'' The order then recites that Robert Bain ''was and is guilty of a willful, deliberate and direct contempt''; . . . ''that the said conduct of Robert Bain was a direct contempt''; . . . ''that it is ordered that the respondent, Robert Bain, on the facts as above found, occurring in open court, be and he is hereby for said contempt committed to the County Jail for a period of ten (10) days, or until otherwise discharged by the process of law.''

The order is fatally vulnerable in two respects. It does not affirmatively show that Robert A. Bain was present in court when the order was entered. That this is necessary has been repeatedly held. *Rawson v. Rawson*, 35 Ill. App. 505; *People v. Saylor*, 238 Ill. App. 142; *Tunnell v. People*, 253 Ill. App. 422; *Barclay v. Barclay*, 184 Ill. 471. It is argued that as the order recites that a hearing was had on November 18, 1931, the law will presume that the order of commitment was entered on that date and that Robert Bain was present in court at the time. In a criminal contempt proceeding no presumptions of law obtain,

Cases involving civil contempt are not in point. The presence of the alleged contemnor cannot be inferred but must be shown affirmatively by the record. *Harris v. People,* 130 Ill. 457; *People v. McGrane,* 336 Ill. 404; *People v. Moran,* 342 Ill. 478; *People v. Saylor,* 238 Ill. App. 142; *Tunnell v. People,* 253 Ill. App. 422.

Furthermore, the mandamus proceedings, which is an adjunct to the present cause, show that it was admitted by the demurrer to the petition that Robert A. Bain was not in fact present in court when the order of commitment was made.

The second reason for holding the order void is that no facts appear therein from which we can determine whether the alleged false testimony was material to the issues heard. The order must set forth the facts so fully and certainly as to show that the contempt was actually committed. *People v. Hogan,* 256 Ill. 496; *People v. Rockola,* 346 Ill. 27. The assertion in the order that it was material to ascertain what financial interest Robert A. Bain had in the South Side Agency & Loan Corporation, is merely a conclusion and does not show that this inquiry was material in an investigation of the assets of John Bain, Inc. *People v. Freeman,* 256 Ill. App. 233, is cited by counsel for the State as holding to the contrary, but an examination of the opinion and of the record in that case shows that the testimony is set forth in full in the form of questions and answers in the order of commitment. It was virtually a bill of exceptions, from which the reviewing court could ascertain the materiality of the testimony. The same is true in the case of *People v. Rockola,* 346 Ill. 27.

The instant order contains nothing from which we can determine the materiality of questions touching the interest of Robert A. Bain in another corporation different from the corporation which was the subject of the investigation.

For the reasons stated we hold that the order of commitment is void and it is therefore reversed.

*Order reversed.*

O'CONNOR, J., concurs.

MATCHETT, J., specially concurring: I agree that the order must be reversed but do not assent to the statement that a bill of exceptions has no place in a record of this kind.