The People of the State of Illinois, Defendant in Error, v. Securities Discount Corporation, Plaintiff in Error.

Gen. No. 37,448.

Opinion filed February 1, 1935.

HAROLD S. IGLOW, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, J. ALBERT WOLL and HENRY E. SEYFARTH, Assistant State's Attorneys, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This writ of error is prosecuted by plaintiff in error, the Securities Discount Corporation, a corporation (hereinafter referred to as the Discount Company), to reverse an order of the municipal court entered

January 9, 1934, finding such corporation guilty of direct contempt of court for practicing law without a license and sentencing it to pay a fine of $250. This cause is presented to us for review on the common law record alone, consisting of the contempt order and sentence. In the same draft order in which the Discount Company was adjudged guilty of contempt its president, one Simon Sachs, and its secretary, one David Zevin, were also found guilty of contempt for practicing law without a license, but the corporation alone prosecutes this writ of error.

This contempt proceeding was predicated upon case No. 2171765 in the municipal court, entitled *Securities Discount Corporation, a corporation, v. L. C. Bernhardt and Mrs. L. C. Bernhardt,* instituted by the Discount Company, which was actually on trial during the same session of court at which the corporation was found guilty of contempt.

The draft order heretofore referred to is as follows:

"Securities Discount Corporation, a corporation, vs. L. C. Bernhardt and Mrs. L. C. Bernhardt,

1289516
No. 1289517
1289518

"This cause coming on to be heard upon the motion of the People of the State of Illinois, ex rel Chicago Bar Association, and the Court being fully advised in the premises, and having heard the testimony of the various witnesses, including the testimony of SIMON SACHS, president of SECURITIES DISCOUNT CORPORATION, a corporation, and DAVID ZEVIN, secretary of SECURITIES DISCOUNT CORPORATION, a corporation, the COURT finds:

"(1) That it has jurisdiction of the subject matter of this cause and of the parties hereto;

"(2) The court further finds that the said SECURITIES DISCOUNT CORPORATION, a corporation, filed its statement of claim herein against the defendants on the 10th day of December, A. D. 1932, wherein the said plaintiff claimed that there was due to it from the defendants, L. C. BERNHARDT and MRS. L. C. BERNHARDT, the sum of One Hundred ninety-three ($193.00) Dollars, with interest at 5% per annum, amounting to Seven ($7.00) Dollars for services rendered to MRS. L. C. BERNHARDT by DR. N. R. SNELL, a duly licensed physician and surgeon. Among other things the Court finds that a statement of account was contained in said statement of claim purporting to be as follows:

" 'EXHIBIT A

April 14, 1931 to June 24, 1931—Daily calls
   Treatment for high blood pressure and
   Bright's disease              $193.00
   Interest at 5% per annum to date     7.00
                                         $200.00'

"that said statement of claim purports to contain the statement that the plaintiff is the actual bona fide owner of said account, which was acquired by purchase from DR. N. R. SNELL on October 13th, 1932, and assigned to plaintiff on said date.

"(3) The Court further finds that the said assignment was a sham and a fraud and no consideration was paid for said assignment, but on the contrary the said SNELL advanced the sum of Seven and 50/100 ($7.50) Dollars to the said plaintiff for Court costs required by said plaintiff; that the plaintiff contracted with said SNELL to collect the said account and various other accounts for said SNELL on a contingent basis of 25% of the whole amount if collected without law suit and 50% if collected by law suit.

"(4) The Court further finds that the said plaintiff has commenced approximately six or seven hundred law suits in the Municipal Court of a similar nature in the last year upon similar assignments; that the statement of claim in the instant case was drawn up in the office of the plaintiff; that the said DAVID ZEVIN made oath to said statement of claim, knew nothing about the facts save that the claim was procured by a representative of the SECURITIES DISCOUNT CORPORATION, together with various other claims from the said DR. SNELL, and that said ZEVIN signs practically all the statements of claim before they are filed.

"(5) The Court further finds that at the time of the so-called assignment to-wit, October 13th, 1932, there was no bill annexed, but that on December 1st, 1932, the statement, or bill, was sent to the plaintiff.

"(6) The Court further finds that the claim was obtained by solicitation by an employee of the plaintiff corporation, who stated that they would collect the bill for DR. SNELL, but that he would have to advance $7.50 on each case, of which the aforesaid case was one; that fifteen (15) or eighteen (18) claims were turned over at one time.

"(7) The Court further finds that at no time did DR. SNELL employ MARCUS D. HENSHEL, attorney for the plaintiff; that said attorney was employed by the plaintiff in this case, as in others, without authorization, knowledge or selection of said attorney by the so-called assignor.

"(8) The Court further finds that the said assignment was a fraud and a sham and merely a subterfuge for the purpose of enabling plaintiff to commence the law suit in its own name; that the plaintiff solicited said claims as a collection agency and agreed to prosecute said claim to judgment and to render a portion of

the proceeds to the said SNELL if the said SNELL would advance the Court costs, which the said SNELL did.

"(9)  The Court further finds that said plaintiff, SECURITIES DISCOUNT CORPORATION, a corporation, has been engaged in practicing law without being authorized so to do, and has perpetrated a fraud upon the Court; that the said SIMON SACHS, president of said SECURITIES DISCOUNT CORPORATION, a corporation, and DAVID ZEVIN, secretary of said SECURITIES DISCOUNT CORPORATION, a corporation, have actively aided and assisted said corporation in said activities, and that neither of them have been admitted to practice law in the State of Illinois, and it is considered and adjudged by the Court that the said SECURITIES DISCOUNT CORPORATION, a corporation, and the said SIMON SACHS, president of said Securities Discount Corporation, a corporation, and DAVID ZEVIN, secretary of said Securities Discount Corporation, a corporation, are guilty of a direct contempt of this Court, and that said contempt has tended to bring the administration of justice into contempt.

"IT IS, THEREFORE, ORDERED that the said SECURITIES DISCOUNT CORPORATION, a corporation, as punishment for said contempt be and it is hereby directed to pay a fine in the sum of $500.00 to the Clerk of the Court and that execution issue forthwith."

(Then follows the order of the court fixing the punishment of Sachs at a fine of $500 and a sentence of one day in the county jail, and of Zevin of a fine of $50 and one day in the county jail.)

"ENTER:

EUGENE J. HOLLAND

Jan. 9, 1934. Judge."

The draft order comprehended all three contemnors and what apparently is an abbreviated form of that portion of the order pertaining to the Discount Com-

pany appears on the next succeeding page of the record as follows:

"THE PEOPLE OF THE STATE OF ILLINOIS,

vs.

SECURITIES DISCOUNT CORPORATION, a corporation.

No. 1289518
CRIMINAL.

"It is hereby found that the Securities Discount Corporation of Chicago, Illinois, is Guilty of Contempt of Court because this day while the Court was in open session in Branch Court No. 8–906, City Hall, Chicago, Illinois, and in the trial of case No. 2171765, entitled Securities Discount Corporation, a corp.,—versus L. C. Bernhardt, Mrs. L. C. Bernhardt, said Corporation has been engaged in practicing law without being authorized so to do and has perpetrated a fraud upon the Court that Simon Sachs, President of said Securities Discount Corporation, a corp., and David Zevin, Secretary of said Securities Discount Corporation, a corp., have actively aided and assisted said corporation in said activities and that neither of them has been admitted to practice law in the State of Illinois, and it is considered and adjudged by the Court that the said Securities Discount Corporation, a corporation, is Guilty of direct Contempt of Court and that said Contempt has tended to bring the administration of Justice into Contempt.

"Judgment on finding, defendant, Securities Discount Corporation, a corporation, Guilty of Contempt of Court, Defendant Five Hundred Dollars ($500.00) and costs taxed at Six Dollars ($6.00).

"It is further ordered by the Court that Execution issue herein."

The order, finding plaintiff in error guilty of direct contempt committed in the presence of the court and within its own knowledge, having been entered without information or affidavit having been filed or a rule to show cause entered or process of any kind served

upon it, the only record required to be made was the contempt order of the trial court. That order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, and the facts stated must be taken to be true. The object of requiring these facts to be shown in the record is to enable reviewing courts to see whether or not they amount to a contempt and thus to determine from them the jurisdiction of the trial court. (*People v. Saylor,* 238 Ill. App. 142, 144.)

The record brought before us for review contains both of the orders heretofore set forth. It is urged that the order sought to be reversed is the latter, entitled *People of the State of Illinois v. The Securities Discount Corporation,* No. 1289518, and that the draft order signed by the trial judge should not be considered by us because that order was entered in the civil case out of which this contempt proceeding arose.

It is true that a contempt proceeding is a criminal prosecution and as such is required by the constitution to be carried on in the name and by the authority of the People of the State of Illinois. (*Rawson v. Rawson,* 35 Ill. App. 505.) While the draft order is entitled as of the civil case, it will be noted that it does not bear the civil case number 2171765, but bears the same People's case number 1289518 as the other order and two other criminal case numbers that were apparently assigned to the contempt proceedings against Sachs and Zevin. It will also be noted that the text of the order contained the following recital: "This cause coming on to be heard upon the motion of the People of the State of Illinois, ex rel. Chicago Bar Association, . . . ."

The draft order indicates by the number it bears and by its text that the proceeding for the contempt or contempts therein enumerated was brought in the name and by the authority of the People of the State

of Illinois, and, in our opinion, it is the order of the court in this cause. Under the circumstances we think that the manner in which the draft order was entitled was simply due to inadvertence and is inconsequential.

Plaintiff in error further contends (1) that the court had no jurisdiction to enter the contempt order because it was never brought before the court by virtue of any complaint, petition or information filed against it or by any summons or other process, and that it was not given an opportunity to purge itself of the alleged contempt; (2) that the order is void in that it does not sufficiently show that the Discount Company was present in open court when the order was entered; and (3) that it is invalid because no facts appear in the order from which it can be determined that it was guilty of contempt of court.

We find no merit in plaintiff in error's first contention. The right to punish an offender for a contempt of court is a right inherent in the municipal court independent of any statute, and when the act constituting such contempt is committed in the presence of the court it is a direct contempt, and upon the court's own knowledge it may immediately punish the contemnor without the filing of an information or affidavit or the entry of a rule to show cause. (*People v. McDonald*, 314 Ill. 548.) That plaintiff in error was unlawfully engaged in practicing law, and committed a gross fraud upon the court in attempting to collect and in prosecuting before the court the claim of Dr. Snell against the Bernhardts, is fully and completely established by the court's order. That its conduct, as clearly set forth in the draft order, constituted direct contempt must be conceded.

It is sufficient answer to plaintiff in error's second contention to state that it was present in court as plaintiff in the civil case prosecuting that case before the court. The record also affirmatively shows that

plaintiff in error was present in court by and through its president, Sachs, its secretary, Zevin, and its attorney.

We are of the opinion that plaintiff's third contention is equally without force. An examination of the draft order demonstrates that it sets out the facts constituting the contempt with particularity and recites fully what plaintiff in error's contemptuous conduct consisted of. The finding of the trial court on the facts clearly showed that it had jurisdiction to punish the contemnor for direct contempt of court. While facts are included in the order that would not of themselves constitute direct contempt, an abundance of facts are shown that do.

A corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it. (*Midland Credit Adjustment Co. v. Donnelley*, 219 Ill. App. 271.) Plaintiff in error is shown by the findings of fact contained in the order to have engaged both in the practice of law before the court and to have engaged licensed counsel to practice law for it, which conduct on its part was a fraud upon the court and a contumacious affront to its power, authority and dignity.

It is also pertinent to observe that plaintiff in error recognized the validity of the order it now seeks to reverse when, on January 15, 1934, it moved the trial court for a reduction of the fine imposed by the order as punishment for its offense, which motion was allowed, and its fine was reduced from $500 to $250.

Perceiving no error in the court's finding that plaintiff in error was guilty of direct contempt, the order of the municipal court should be and is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.