The People of the State of Illinois, Defendant in Error, v. Ira Salbar, Plaintiff in Error.

Gen. No. 38,147.

Opinion
filed November 20, 1935.

H. E. BAKER and J. ROTH, both of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, HENRY E. SEYFARTH, JOHN T. GALLAGHER, RICHARD H. DEVINE, JOHN E. O'HORA and WILLIAM J. LANCASTER, Assistant State's Attorneys, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This case comes before us on a writ of error from the municipal court brought by one Ira Salbar to review an order and judgment of that court finding him guilty of contempt and sentencing him to a term of five days in the county jail. The order of commitment grew out of the appearance of the contemnor, Ira Salbar, before a criminal branch of the municipal court, known as Branch No. 34, 4802 Wabash avenue, Chicago, Illinois, for alleged misconduct on his part occurring while said court was in session and engaged in the hearing of motions on certain cases as set forth in the commitment order, for which he was adjudged guilty of contempt.

No bill of exceptions or report of the proceedings are included in the record. Counsel for contemnor attempts in their brief and argument, under a heading

"Statement of Facts" to bring before the court certain facts which are not of record, which they cannot and should not do. We shall, therefore, disregard such facts as outside the record.

The order of contempt entered March 14, 1935, is as follows:

"The People of the State of Illinois  
vs.  
Ira Salbar

No. 1344516  
Criminal

"Defendant present in open Court.

"Finding defendant guilty of contempt of Court because this day while the Court was in open session and in the hearing on motion in Cases No. 3423590, 3423591, 3423592, 3423593, entitled City of Chicago *versus* Geo. Nickloff, James Balanoff, John Nicola, Jos. Vukilich, in Branch Court No. 34, 4802 Wabash Avenue, Chicago, Illinois, said defendant did say to the Court, 'This court is unfair, it is impossible to obtain a fair trial in this Court,' and when warned by the Court to discontinue said remarks did use boisterous and improper language before the Court, all of which conduct of said defendant did thereby tend to impede the proceedings and lessen the dignity of the Court.

"Judgment on finding defendant guilty of contempt of Court.

"Defendant sentenced to county jail for a term of five days." (Abst. 1 and 2; Rec. 2.) Such order, committing one for direct contempt in the presence of the court, should be a full, certain and complete recitation of all the material facts occurring at the time and constituting the offense so that the reviewing court may be able to determine whether or not the same amounts to a contempt. As was said in the case of *Rawson v. Rawson*, 35 Ill. App. 505, 510:

"Where the contempt is in the presence of the court, the proceeding is in the highest degree summary; the

judgment and punishment is usually immediate, and upon the spot; the commitment is a commitment in execution. There need be, and usually is, no counsel acting for the accused person, to advise him, or take proper steps to protect his rights. A bill of exceptions in such a case is impracticable, and to hold that unless the facts were preserved, as by such a pleading, the judgment general in form should be held conclusive, would be introducing into a summary proceeding a technical pleading, not for the purpose of promoting justice, but to embarrass the citizen in obtaining relief from what may be an unjust imprisonment. . . . We hold the reasonable and just rule to be, that the order of commitment should state the facts or conduct constituting the contempt, and that where no statement as to the nature of the acts or words of the defendant is made in the order, the same should be reversed. In other words, where a direct review of such a summary judgment is given by law, it is the duty of the court that makes the order, said order constituting the entire record, to set out fully in the commitment in what the contempt consisted, in order that the Appellate Court can see from the order, whether the judgment is warranted.''

The instant case is a criminal contempt wherein the punishment is imprisonment, and a strict interpretation of the language of the order must be invoked and no presumptions can be indulged in its favor.

It does not appéar in the order whether the contemnor was appearing in court as a lawyer in a trial of any one of the cases which the court was hearing, or appearing as a witness, an interloper, or otherwise. From the order presented for our consideration, this court cannot visualize the circumstances and the scene presented at the time.

Apparently the trial court did not consider the remarks of the contemnor, ''This court is unfair, it is

impossible to obtain a fair trial in this court'' as being contemptuous, because the order further says: ''and when warned by the Court to discontinue said remarks did use boisterous and improper language before the Court.'' What the boisterous and improper language was, we are not permitted to know. Evidently, it was the latter which caused the court to feel that the contemnor intended to interfere and impede justice in the court. The statement that the language was boisterous and improper was a mere conclusion.

This court in the case of *People v. Bain,* 268 Ill. App. 192, at page 195, said: ''The order must set forth the facts so fully and certainly as to show that the contempt was actually committed.'' Citing *People v. Hogan,* 256 Ill. 496.

In the case of *People v. Hille,* 192 Ill. App. 139, the court at page 149, says:

''Before a person can be found guilty of contempt of court it must clearly appear that in committing the offense complained of he was actuated by some malevolent intention to assail the dignity of the court, or to wilfully and knowingly interfere with its procedure or due administration of justice. There must be a union or joint operation of act and criminal intention. Consequently a person may purge himself of contempt by showing that he acted innocently or through ignorance and without any intention to wrongfully mislead or deceive the court. *Powers v. People,* 114 Ill. App. 323; *Kanter v. Clerk of Circuit Court,* 108 Ill. App. 287, 305.''

We cannot find that the order herein set forth states with sufficient clarity for us to determine what the boisterous and improper language was, as used before the court. We fully realize that it is necessary for courts to have and exercise the power to maintain and defend themselves against any untoward interference

which tends to impede, obstruct or bring into contempt the administration of justice. At the same time it is necessary for a reviewing court to see, from an inspection of the record, that a citizen is not deprived of his liberty excepting under the forms prescribed by law.

As before stated there are not sufficient facts in the record to sustain the order of the trial court and, consequently, the order and judgment of the municipal court is reversed.

*Judgment reversed.*

HALL, P. J., and HEBEL, J., concur.