Charles Liebman, Plaintiff in Error, v. The People of the State of Illinois, Defendant in Error.

Gen. No. 38,313.

Opinion filed December 16, 1935.

CHARLES LIEBMAN, *pro se.*

No appearance for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

By this writ of error Charles Liebman seeks to reverse an order of the superior court of Cook county, which found him to be guilty of criminal contempt of court and imposed a fine of $50. The diminutive record shows that Liebman appeared before Judge Joseph B. David on May 28, 1935, as attorney for the plaintiffs in a case then pending in that court; that an order, dismissing the suit at plaintiffs' costs for the failure of plaintiffs to comply with a prior order requiring them to testify before a notary public was entered.

The record contains this cryptic statement: "On motion of court, it is ordered that Charles Liebman, Esq., attorney for plaintiffs, is found guilty for having made contemptuous remarks to the court and is fined $50 for the contempt of this court." There has been no appearance in support of the order. Manifestly, it must be reversed. The contempt of which Liebman was found guilty was criminal in its nature.

The proceeding should have been in the name, or by the authority, of The People. *Tunnell v. People,* 253 Ill. App. 422. This proceeding was not. The order should have set forth the facts on which the finding of contempt was based. *People v. Rongetti,* 344 Ill. 107; *People v. Feinberg,* 266 Ill. App. 306; *People v. Bain,* 268 Ill. App. 192. This record does not state any such facts. The cases cited also hold that a finding of this kind should show that the person found guilty was present in court at the time the punishment for the offense was imposed. There is no such showing here. The order leaves this court without knowledge of the supposed contemptuous words. It should have recited them. For aught this record discloses, the actual words used may have been complimentary in their nature, rather than otherwise. If so, punishment should not have been inflicted.

The order is reversed.

*Order reversed.*

McSURELY, P. J., and O'CONNOR, J., concur.