The People of the State of Illinois ex rel. Robert A. Bain, Petitioner, v. Michael Feinberg, Judge of the Circuit Court of Cook County, Respondent.

Gen. No. 35,712.

Matchett, J., dissenting.

Opinion filed May 2, 1932.

Deneen, Healy & Lee, for appellant.

Argus Roy Shannon, E. G. Godman and Edward R. Johnston, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

By leave of court Robert A. Bain filed his petition in this court, praying that a writ of mandamus issue commanding the respondent to sign a bill of exceptions to show what was said and done in a matter or proceeding pending before the respondent as a judge of the circuit court of Cook county, wherein the respondent

was sitting as an examining magistrate in an endeavor to discover assets of a certain corporation and in which Robert A. Bain was held to be in contempt of court and for such contempt was committed to the county jail of Cook county for a period of 10 days or until otherwise discharged by due process of law. Robert A. Bain sued out a writ of error from this court seeking to reverse the judgment of contempt entered against him, and it is in aid of the prosecution of the writ of error that leave was given to file the petition for a writ of mandamus.

The respondent filed his answer to the petition. A replication was filed to the answer, to which the respondent has demurred, and the parties have submitted briefs and arguments on the demurrer.

The sentence imposed on Robert A. Bain is alleged to be for a direct contempt, criminal in nature, committed in the presence of the court, and the question for decision therefore is whether in such case a bill of exceptions is necessary or proper or whether the only record to be considered is the order adjudging Bain to be in contempt of court. The question is an important one and has received careful consideration at our hands.

We have been unable to find any authority where the precise question was specifically stated to be involved. There are a number of cases in this court and in the Supreme Court of this State where bills of exceptions were in the record in a direct contempt proceeding, and there are other cases where there was no bill of exceptions. Upon a careful consideration of the authorities we are constrained to hold that a bill of exceptions has no proper place in a record brought to review a sentence imposed in a direct contempt matter, criminal in its nature, as is the one at bar. We must enforce the law as we find it and if it is thought to be defective the question is for the legislature and not

the courts. The only matter that can properly be considered on such a review is the order of the court adjudging the party to be in contempt. *People v. Hogan,* 256 Ill. 496; *People v. Gard,* 259 Ill. 238; *Kneisel v. Ursus Motor Co.,* 316 Ill. 336; *People v. Rockola,* 346 Ill. 27; *People v. Andalman,* 346 Ill. 149; *People v. Saylor,* 238 Ill. App. 142; *Tunnell v. People ex rel. Miller,* 253 Ill. App. 422; *Whittem v. State,* 36 Ind. 196; *Ex parte Terry,* 128 U. S. 289. Of course the order may properly set up what actually took place at the time of the alleged contempt—what was said and done. *People v. Rockola, supra.*

In the *Hogan* case (256 Ill. 496) the court said (p. 499): "The commitment having been for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made is the order of commitment. That order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, and the facts stated must be taken to be true. *Whittem v. State,* 36 Ind. 196; *Ex parte Terry,* 128 U. S. 289." And in the *Gard* case, 259 Ill. 238, the court said (p. 242): "The acts constituting the contempt having been committed in the presence of the court were a direct contempt, and the order of commitment could have been lawfully made without the preliminary proceedings that were had. *Tolman v. Jones,* 114 Ill. 147; *State v. Frew,* 24 W. Va. 416; *People v. Greely,* 12 How. Pr. 14; *Neel v. State,* 9 Ark. 529, 50 Am. Dec. 209; 9 Cyc. 19."

And the same rule was again announced by the Supreme Court in the *Rockola* case (346 Ill. 27) where it is said (p. 40): "In cases where a witness is adjudged guilty of contempt committed in open court, the only record required to be made for review is the order of commitment, but the order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the

order. (*People v. Hogan*, 256 Ill. 496.)" And this rule was again announced in the *Andalman* case (346 Ill. 149) where it was said (p. 153): "The right to punish an offender for a contempt of court is a right inherent in the superior court of Cook county independent of any statute, and when the act constituting such contempt is committed in the presence of the court, the court has a right to deal summarily with the offender and without hearing any evidence punish the offender. In such case the court acts upon view and upon its own knowledge. (*People v. McDonald*, 314 Ill. 548.)"

In the *Whittem* case (36 Ind. 196) the Supreme Court of Indiana held that a contempt is direct when committed in the presence of the court, or so near to the court as to interrupt the proceedings; and that such contempt was usually punished in a summary way without evidence but upon view and the personal knowledge of the presiding judge. The court there said (pp. 211–212): "Where the contempt is committed in the presence of the court, and the court acts upon view and without trial, and inflicts the punishment, there will be no charge, no plea, no issue, and no trial; and the record that shows the punishment will also show the offense, and the fact that the court had found the party guilty of the contempt; on appeal to this court, any fact found by the court below would be taken as true. . . .

"When the contempt is not committed in the presence of the court, the proceeding must be commenced either by a rule to show cause or by attachment, and the party accused will have the right to be heard in his defense; and the evidence offered on the trial, and all the other steps, can be put upon the record by a bill of exceptions, . . .

". . . The refusal of a witness to testify, the insolence and insubordination of an attorney or other officer of court, fighting, making a noise or confusion

in or so near the court as to interrupt the business of court, may be mentioned as some of the acts that amount to a direct contempt of the court; and such contempts are usually punished in a summary manner, without evidence, but upon the view and personal knowledge of the presiding judge.''

. In *Ex parte Terry* (128 U. S. 289) the Supreme Court of the United States, in discussing the question of a direct contempt, speaking by Mr. Justice Harlan, said (p. 307): ''It is undoubtedly a general rule in all actions, whether prosecuted by private parties, or by government, that is, in civil and criminal cases, that 'A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal.' *Windsor v. McVeigh*, 93 U. S. 274, 277. But there is another rule, of almost immemorial antiquity, and universally acknowledged, which is equally vital to personal liberty and to the preservation of organized society, because upon its recognition and enforcement depend the existence and authority of the tribunals established to protect the rights of the citizen. . . . It has relation to the class of contempts which, being committed in the face of the court, imply a purpose to destroy or impair its authority, . . . Blackstone thus states the rule: 'If the contempt be committed in the face of the court, the offender may be instantly apprehended and imprisoned, at the discretion of the judges, without any further proof or examination.' '' The court then quotes with approval from *Whittem v. State, supra,* and other authorities, and continuing said (p. 309): ''It is true, as counsel suggest, that the power which the court has of instantly punishing, without further proof or examination, contempts committed in its presence, is one that may be abused and may sometimes be exercised hastily or arbitra-

rily. . . . What was said in *Ex parte Kearney,*
7 Wheat. 39, 45, may be here repeated: 'Wherever
power is lodged it may be abused. But this forms no
solid objection against its exercise. Confidence must
be reposed somewhere; and if there should be an
abuse, it will be a public grievance, for which a remedy
may be applied by the legislature, and is not to be
devised by courts of justice.' '' And continuing, the
court said (p. 313): ''We have seen that it is a set-
tled doctrine in the jurisprudence both of England and
of this country, never supposed to be in conflict with the
liberty of the citizen, that for direct contempts com-
mitted in the face of the court, at least one of superior
jurisdiction, the offender may, in its discretion, be in-
stantly apprehended and immediately imprisoned,
without trial or issue, and without other proof than its
actual knowledge of what occurred.''

From the authorities above mentioned, and espe-
cially the later decisions of our own Supreme Court,
we are of the opinion that a judgment entered in a
direct contempt, criminal in its nature, on review must
be considered on the order adjudging the party to be
in contempt and that a bill of exceptions has no proper
place in the record. The power thus lodged in the trial
judge may be arbitrarily and unjustly used, but to
protect an individual against this arbitrary power in
some degree at least, the law requires that the con-
tempt order set out the facts fully which it is claimed
constituted the contempt so that the reviewing court
may see whether such facts do constitute a contempt
of court.

From what we have said it follows that the demur-
rer to the replication must be and it is sustained.

*Demurrer sustained.*

McSURELY, J., concurs.
MATCHETT, J., dissents.

(See next page.)

MR. JUSTICE MATCHETT dissenting: The opinion of the court announces for the first time as a rule of universal application in this class of cases that where a trial court has adjudged a defendant guilty of a direct contempt criminal in its nature and the cause has been removed to this court by writ of error, this court is without power to require a bill of exceptions disclosing what actually occurred in the trial court. The opinion concedes that such rule may lead to grave injustice but suggests that the remedy is with the legislature and not with the courts. The cases cited show that as a general rule where a commitment has been made for an alleged criminal contempt committed in open court without charge, plea, issue or trial, the only record *required* to be made in order that the judgment may be reviewed by this court is the order of commitment. That rule, as Judge Moran well pointed out in *Rawson v. Rawson,* 35 Ill. App. 505, is for the benefit of the person accused who ordinarily in such cases is without counsel to advise him as to the proper steps to be taken to protect his rights. A bill of exceptions in such case is therefore usually impracticable, and the courts of review, in order that the accused might not be denied his right to have the judgment against him reviewed, held that it might be reviewed upon the order of commitment alone. As a corollary to that rule it was held that the order of commitment should state the facts or conduct constituting the alleged contempt, and that where no such statement was made in the order it should be reversed.

A case of this kind is a criminal case, and by the common law of England, appellate tribunals were without authority to review a judgment of this character. In the early case of *Stuart v. People,* 3 Scam. (Ill.) 395, such rules were said to be unsuited to the genius of a free people, and a general statute granting the right of review of final judgments to the Supreme

Court was held applicable to contempt cases. Guided by the same principle in *Whittem v. State,* 36 Ind. 196, cited in the opinion of the court, the courts of that State reversing a long line of decisions held that by virtue of the statute judgments in this class of cases were subject to review. The authorities are all to the effect that a case of this kind is a criminal case, and section 17 of the Criminal Code, Cahill's St. ch. 38, ¶ 770 (Smith-Hurd's Ill. Rev. Stats. 1931, ch. 38, sec. 17, p. 1096) provides:

"Exceptions may be taken in criminal cases, and bills of exceptions shall be signed and sealed by the judge, and entered of record, and error may be assigned thereon by the defendant, the same as in civil cases: Provided, that in no criminal case shall the People be allowed an appeal, writ of error or new trial."

Through the enactment of this section and by virtue of the provisions of sections 8 and 11 of the Appellate Court Act, Cahill's St. ch. 37, ¶¶ 40, 43 (Smith-Hurd's Ill. Rev. Stats. 1931, ch. 37, secs. 8 and 11, pp. 909–910) I think the legislature has already granted the remedy to which the opinion of the court refers. As already stated, historically the rule which permits a review upon the order of commitment alone was for the benefit of the accused. I think a defendant also has the right, if he so desires, to the benefit of a bill of exceptions.

The question here arises on the respondent's general demurrer to the replication of the petitioner to respondent's answer. It stands admitted on the record, as I understand the pleadings, that while the order finding the petitioner guilty appears to have been entered on the 18th of November, the order was in fact made, signed and entered by Judge Feinberg on the 19th of November, Judge Feinberg directing that it be entered as of the 18th. It stands admitted further

that within the term and after the entry of this order the petitioner presented a transcript of the proceeding as prepared by a competent court reporter disclosing these facts, and that a motion was duly made by the petitioner in open court on the 20th of November to correct the records by showing the true and actual state upon which the order was made and entered. It stands admitted that this motion was denied, although Judge Feinberg admitted in open court that the order of commitment was not in fact signed by him until the 19th, at which time he directed the order should be entered as of the date of November 18th. The demurrer also admits that the petitioner was not in fact present in court when the order of commitment was made, and this, if true, is a material matter. *People v. Saylor,* 238 Ill. App. 142.

Under the rule as now announced, it would be possible for any judge of a court of record in Cook county to enter an order finding a person guilty of the offense of contempt, although never brought before the judge or made aware in any way that any proceeding whatsoever was pending against him, and if the rule as announced were followed this court would be entirely unable to compel a record showing the actual facts. I do not think that such arbitrary power exists under our law. As the opinion points out, there have been numerous cases of this kind in this and in the Supreme Court where the real facts have heretofore been presented by a bill of exceptions. Illustrative of this class of cases are *People v. Andalman,* 259 Ill. App. 649, affirmed in 346 Ill. 149; and *People v. Hadesman,* 223 Ill. App. 219, heard by the third division of this court when our presiding justice was one of the judges of that court. In some of the cases it has been a close question as to whether the alleged contempt was direct or constructive. To the proper decision of that question when it arises a bill of exceptions would appear quite indispensable.

It is conceded, as I understand it, that the sections of the Criminal Code and the Appellate Court Act, to which I have referred, authorize bills of exceptions in cases of constructive contempt. If it had been the intention of the legislature to limit the right in cases of this particular character, I think it would have said so. The question is probably not of much importance in this case, but the rule announced seems to me to disregard the historical development of the law on this subject, to make a rule which was intended as a shield for the accused a sword to be used against him and to wholly disregard the statutes which are applicable. Practically, the opinion of the court rests on *People v. Hogan,* 256 Ill. 496. That case as I read it decides nothing more than that the county court was without jurisdiction; otherwise it is *obiter dictum,* not judicial *dictum.*