The People of the State of Illinois, Defendant in Error,
v. Benny Berof, Plaintiff in Error.

Gen. No. 39,241.

MATCHETT, P. J., dissenting.

Opinion filed April 19, 1937. Rehearing denied May 3, 1937.

W. G. ANDERSON and CHARLES A. BELLOWS, both of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and BLAIR L. VARNES, Assistant State's Attorneys, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant, Benny Berof, was found to be in contempt of court in swearing falsely concerning his qualifications to act as surety on a bond and he was ordered committed to the county jail for 90 days; he seeks a reversal of the order.

A direct contempt consists of something done in the presence of the court tending to obstruct justice or lessen the dignity of the court. Such contempt may be punished summarily, without preliminary process. *People v. Cochrane,* 307 Ill. 126. As defendant was found guilty of a direct contempt we must consider the sufficiency of the order alone. *People ex rel. Bain v. Feinberg,* 266 Ill. App. 306; *People v. Bain,* 268 Ill. App. 192.

The order recites that on September 13, 1936, Benny Berof was before the court while it was functioning as a court and offered to act as surety for the appearance before the court of Louis Swinberg, who was a defendant in the case of *People v. Swinberg,* charged with a criminal offense; that it was material to the acceptance of Berof as surety to examine and inquire as to his qualifications to act as surety and his suf-

ficiency; that he was examined by the court and upon oath stated to the court that:

"He, the said Benny Beroff was worth over and above his liabilities the sum of $1,000.00; that he the said Benny Beroff was in the fruit and vegetable business; that he the said Benny Beroff knew that the defendant Louis Swinberg had no record; that he the said Benny Beroff knew that the defendant Louis Swinberg had never been in trouble with the police, whereas in truth and in fact the said Benny Beroff then well knew that he was not worth over and above his liabilities the sum of $1,000.00 and the said Benny Beroff was then not worth over and above his liabilities the sum of $1,000.00 and so admitted to this Court in open Court, subsequent to the 13th day of September, 1936; and the said Benny Beroff, at the time he so presented himself as surety as aforesaid further well knew that he was not in the fruit and vegetable business, and that then and there he was not in the fruit and vegetable business and so admitted to this Court in open Court subsequent to the 13th day of September, 1936; and that the said Benny Beroff, at the time he so presented himself as surety, as aforesaid, well knew that defendant Louis Swinberg had a police record and had been in trouble with the police, and so admitted to this Court in open Court, subsequent to the 13th day of September, 1936; and that the said defendant Louis Swinberg then and there did have a police record and had been in trouble with the police."

The order further found that Berof had knowingly and wilfully and falsely represented to the court the matters aforesaid, which were material to the investigation by the court, and that he has been guilty of direct contempt of court with the intention to embarrass and impede the administration of justice; the order also recited the presence of Berof in court. The order sets out the facts constituting the contempt and must

be considered as true. *Kneisel v. Ursus Motor Co.,* 316 Ill. 336.

In this court defendant says that September 13, 1936, fell on Sunday and that the court could not have been legally constituted on Sunday. There is no statute preventing the municipal court of Chicago from functioning on Sunday, and it is well known that it is frequently necessary to receive bonds or to perform other emergency matters on Sunday. *Baxter v. People,* 3 Gilm. (Ill.) 368, 384; *Johnston v. People,* 31 Ill. 469.

The question whether an act which was physically committed outside of the presence of the judge is a direct contempt has been considered in a number of cases. In *People v. Cochrane,* 307 Ill. 126, the contempt was committed before the grand jury, out of the presence of the judge, and it was necessary to question the defendant to determine whether he was guilty of contempt. In *People v. Andalman,* 346 Ill. 149, the contemptuous act was filing papers with the clerk of the court contrary to the court's orders. And in the recent case of *In re Estate of Kelly,* 365 Ill. 174, the contemptuous act was the filing of a spurious will with the clerk of the probate court. In each of these cases it was held that the act was a direct contempt of court. In the instant case, however, the contemptuous act of swearing falsely to the court was committed in the physical presence of the judge, as the order recites.

The principal question presented is whether false swearing in a proceeding before the court is punishable as contempt. It has been held that where the record shows that the falsity of the testimony of a witness was not known to the court at the time but that this was developed by a subsequent inquiry, a charge of direct contempt cannot lie. In *People v. Stone,* 181

Ill. App. 475, where the charge was giving false testimony, it was held that the record showed that this was not known to the court to be false until it was developed from a subsequent independent investigation and the conclusion of the court from this subsequent testimony. The opinion said that the court cannot judicially know that the evidence is false "unless at the trial it is so made to appear by the witness's own admission or perhaps by unquestioned or incontrovertible evidence." In *People v. LaScola,* 282 Ill. App. 328, the defendant gave testimony upon the trial of a criminal action tending to support the claim of alibi; subsequently the court instituted a separate and independent inquiry as to the falsity of the testimony. We applied the rule stated in *People v. Stone, supra,* holding that it was not within the personal knowledge of the court that LaScola had testified falsely until the court was subsequently apprised by testimony of LaScola and another witness. However, we said, "If LaScola had admitted on cross-examination that his testimony was false when testifying in the trial of Rogulich, a different question would be presented." All of these cases are concerned with false testimony given by a witness upon the trial of a case.

The present case is of different sort. The testimony of a witness on a trial is not involved. Here Berof presents himself as surety for the appearance of the defendant Swinberg to a criminal charge; to inquiries by the court as to material matters touching his qualifications to act as surety Berof makes certain answers under oath; the bond being accepted to secure defendant's appearance, presumably he is released. The sufficiency of a surety bond is continuously open for investigation, not as a separate and independent proceeding but as a continuation of the inquiry into its sufficiency. Upon further investigation Berof admits

that he replied falsely to each and all the questions put to him touching his qualifications as surety.

The offense charged is the effort to embarrass and impede the administration of justice. Nothing could more effectively impede the administration of justice than to secure the release of one charged with a criminal offense by answering falsely the questions touching the qualifications of the surety. In *People v. Gard*, 259 Ill. 238, a question put by the court to a police officer was not answered in audible words but merely by shaking his head, with the intention of conveying a negative answer which he knew was false; held: he was guilty of a direct contempt of court. The record shows the perpetration of a deliberate fraud upon the court and such an action deserves to be summarily punished for contempt.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

O'CONNOR, J., specially concurs.
MATCHETT, P. J., dissents.

MR. JUSTICE O'CONNOR specially concurring: In *People ex rel. Bain v. Feinberg*, 266 Ill. App. 306, we held that where one is found guilty of a direct contempt of court, criminal in nature, committed in the presence of the court, a bill of exceptions (now a report of the proceedings of the trial) had no proper place in the record and that the sufficiency of the commitment must be determined from the order or judgment alone. In *People v. LaScola*, 282 Ill. App. 328, in which the charge was that LaScola was guilty of a direct contempt of court, criminal in its nature, we held that it was improper to hear extrinsic evidence to substantiate the charge. But I am unable to distinguish the case at bar from *In re Estate of Kelly*, 285 Ill. App. 143, affirmed 365 Ill. 174, and therefore concur in the affirmance of the judgment.

Matchett, P. J., dissenting: As I see this case it is essentially different from the *Kelly* case. In the *Kelly* case the contempt of which the defendant was found guilty consisted of filing a spurious will for probate in the probate court. This defendant is found guilty not of filing a spurious bond but of giving false testimony with reference thereto, concerning matters which were not and could not be within the personal knowledge of the judge. The case, therefore, seems to me in effect to overrule *People v. LaScola*, 282 Ill. App. 328, and for the first time, as I understand it, to hold in effect that a trial judge may punish summarily as for direct contempt a witness who in his opinion is guilty of swearing falsely before him. In *People v. Hogan*, 256 Ill. 496, the opinion was careful to state that it should not be inferred therefrom that ''a court can in any case, upon its own knowledge of the facts, punish summarily as for a contempt against the dignity of the court, a witness who has testified falsely in a cause.'' I think the precedent now established most dangerous in that the summary commitment was made upon a supposed admission in the nature of a confession and for a direct contempt in which proceeding a majority of this court has heretofore held that a defendant is not entitled to a bill of exceptions. *People ex rel. Bain v. Feinberg*, 266 Ill. App. 306; *People v. Bain*, 268 Ill. App. 192. In the *Kelly* case that right was permitted the defendant.