Niels Pedersen et al., Appellants, v. Logan Square State and Savings Bank et al., Defendants.
Logan L. Mullins, Receiver, Coappellant, v. John R. Notz and Ruth Notz, Appellees.

Gen. No. 41,258.

Opinion filed March 11, 1941.

IRVING GOODMAN, HAROLD L. PERLMAN, MARVIN J. WELFELD and RUSSELL, MURPHY & PEARSON, all of Chicago, for appellants; IRVING GOODMAN, of counsel.

DAVID JETZINGER, of Chicago, for coappellant.

FRANK M. KELLY, of Chicago, for appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

A representative suit in equity was filed by creditors to enforce the constitutional and statutory liability of the stockholders of the defunct Logan Square State & Savings Bank. As owners of three shares of the capital stock of the bank, John R. and Ruth Notz were made defendants and personally served with summons on *Sunday,* September 17, 1939. Neither of them having appeared or answered, a decree, in favor of Logan L. Mullins, receiver, for the benefit of all the creditors of the bank, was entered against them November 27, 1939, for $300 and costs. Execution issued and was served December 20, 1939. Thereafter, January 29, 1940, defendants filed a petition in the equity proceeding, setting forth that they had been served on Sunday and alleging that such service was prohibited and void under par. 549 of the Criminal Code (ch. 38, Ill. Rev. Stat. 1939, sec. 261 [Jones Ill. Stats. Ann. 37.510]),

which provides: "Whoever disturbs the peace and good order of society, by labor (works of charity and necessity excepted), or by amusement or diversion on Sunday, shall be fined, not exceeding $25.00." The chancellor, in response to the prayer of the petition, and without hearing any evidence, entered an order vacating and setting aside the decree as to John R. and Ruth Notz, and quashing the service. Plaintiffs, on behalf of the creditors who instituted the proceeding, and Logan L. Mullins, as receiver, have appealed from the order thus entered, on the ground that after the expiration of 30 days the chancellor was without jurisdiction to disturb the decree entered in November, 1939.

Defendants stand squarely on the sole proposition that in Illinois civil process cannot legally be served on Sunday; that it is forbidden by par. 549, Criminal Code, hereinbefore set forth, and interpreted in the early case of *Scammon v. City of Chicago,* 40 Ill. 146, which has never been overruled or modified, as being in violation of the spirit and policy of this State. That was a proceeding to condemn certain lots in Chicago for failure to pay a special assessment levied upon them for the purpose of paving a portion of Wabash avenue. Section 13, ch. 7, of the charter of Chicago, as amended in 1863, directed that in such proceedings "notice shall be given by said commissioners, by six days publication in the corporation newspaper, of the filing of such assessment roll in the clerk's office; and that, at the next regular meeting of the common council, to be held after the expiration of such publication, they will apply to the common council for a confirmation of said assessment." In order to make out the 6 days' notice, it was necessary to include a publication made on Sunday, July 6, 1865, and the question presented was whether that publication could properly be counted. The court held that the charter provision unquestionably required a publication for 6 different days, and that the validity of the notice "is clearly just

what it would have been, if the charter had only re-
quired one publication, and that had been made on
Sunday.'' The court then raised the inquiry: ''Would
such a notice have been sufficient?''

It is pointed out that at common law Sunday was in
legal phrase, *dies non juridicus,* and that no valid ju-
dicial proceeding could be had upon that day; that this
rule of common law was applied in *Baxter v. People,*
3 Gilm. 368, and a judgment rendered on Sunday pro-
nounced void, though it was held in the same case that
a verdict might be received on Sunday as a matter of
necessity; that while the common law may only pro-
hibit strictly judicial proceedings, ''it will hardly be
contended that in this state civil process can be legally
served on Sunday''; that in England this was forbid-
den by the 29 Car. 11, and ''in this state the same result
would follow from the . . . section of our Criminal
Code.'' In reaching the conclusion that the service of
civil process on Sunday would be a violation of the
spirit and policy of the law, the court gave the follow-
ing supporting reasons (pp. 148, 149): ''The unques-
tionable object of this law is, to secure to every indi-
vidual in the community the right to pass the Sunday,
either in religious exercises, or in the quiet and seclu-
sion of his home, without liability to annoyance from
the ordinary secular pursuits of life, except so far as
they may be dictated by necessity or charity. The
wisdom of this provision no one doubts. . . . If
the wise lawgiver, whatever may be his own religious
opinions or habits, concurs in this setting apart one
day in seven, it would ill become the judiciary to give
to such enactments a restricted operation. They should
be so construed as fully to accomplish their purpose,
and we think it clear that to permit officers to intrude
upon families on Sundays for service of civil process
would be a violation of the spirit and policy of this law,
. . . .'' The court finally concluded that if the
service of civil process would be invalid on Sunday,

"it necessarily follows that a publication of this notice on Sunday . . . would be equally invalid. . . . "

We are not unmindful of the fact that other States, and particularly California, Ohio, Montana and North Carolina, have held otherwise. (*Heisen v. Smith,* 138 Cal. 216; *Hastings v. Columbus,* 42 Ohio St. 585; *State ex rel. Hay v. Alderson,* 49 Mont. 387; *State v. Ricketts,* 74 N. C. 187, 192.) In some of those States it was held that civil process had on Sunday was valid, notwithstanding specific statutes which prohibited the transaction of judicial business on Sunday. The courts in those States proceeded on the theory that the service of summons was a ministerial act, not judicial in character, and therefore was not prohibited by the statute.

The law in Illinois is otherwise. The case of *Scammon v. City of Chicago* has never been reversed, and although we have searched for expressions of our courts to the contrary it seems to be the settled law of this State that where a notice is of such a character as to be in the nature of process, its publication on Sunday is unlawful. This would, of course, apply also to the personal service of summons on Sunday, and it logically follows that any judgment or decree predicated upon such service is invalid, and therefore null and void.

*Johnston v. People,* 31 Ill. 469, is cited as a recognition by the court that judicial functions may be performed on Sunday. The opinion in that case was written by Mr. Justice Breese, who later dissented from the decision in the *Scammon* case, wherein it was pointed out that the decision in *Johnston v. People,* rested "on the express ground that the taking of a recognizance might be a work of both necessity and charity," which "in nowise conflicts with the views we have here expressed."

Counsel for plaintiffs and receiver also cite *Richmond v. Moore,* 107 Ill. 429, wherein a contract entered into on Sunday was held to be valid since there was nothing

done to disturb the peace and good order of society, which is the primary purpose of the statute to prevent, and *People v. Berof,* 290 Ill. App. 1, wherein the approval of a bond by the municipal court on Sunday was held to be proper, as a matter of emergency. However, these cases do not alter the rule enunciated in *Scammon v. City of Chicago,* expressing the spirit and public policy of this state. It is significant that numerous sections of the Criminal Code were repealed in 1939, and that although sections 547 and 548 were among those repealed, section 549, which immediately followed, was retained in the statute by the legislature.

It is a matter of common knowledge that the sheriff of Cook county and the bailiff of the municipal court of Chicago have rules prohibiting the service of civil process on Sunday in compliance with the rule laid down in *Scammon v. City of Chicago.* The deputy sheriff who served process in the case at bar violated that rule.

When one considers the extent to which labor and amusements have entered into the present life of the people of this State on Sunday, paragraph 549 of the Criminal Code and certain language contained in the opinion in the *Scammon* case sound strange, indeed, and not in accord with what seems to be the spirit of the times. But paragraph 549 still remains in the Criminal Code, and the decision in the *Scammon* case has never been reversed, and it is, therefore, our plain duty to follow the law laid down in that case. We are of opinion that it is not necessary to invoke paragraph 549 in order to hold that it is not legal to serve civil process in this State on Sunday, for even if paragraph 549 were no longer a part of the Criminal Code, public policy would not permit the service of civil summons on Sunday, unless it appeared that such service was necessary.

The contention that the expiration of 30 days after the entry of the decree rendered the court without juris-

diction to quash the service and vacate the decree has no application to a judgment predicated upon invalid service. Under the decision in the *Scammon* case the service is invalid and therefore void, and no judgment or decree could be predicated upon it.

The order or decree of the superior court is affirmed.

*Order affirmed.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.