Robert J. Bender, Defendant in Error, v. Martha Frost et al. Lawrence J. Young, Plaintiff in Error.

Gen. No. 42,172.

Opinion filed January 25, 1943.

CAMERON LATTER and PHILIP J. SLOTNIKOFF, both of Chicago, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error Lawrence J. Young seeks to reverse an order entered by the superior court of Cook county, by which he was adjudged to be in contempt of court and sentenced to 60 days in jail. Robert J. Bender filed his verified petition in a foreclosure suit brought by him, in which he alleged that the premises being foreclosed consisted of a two-story frame building of one store and two apartments located at 5125 Wentworth avenue, Chicago; that October 24, 1941, an order was entered appointing Herbert C. Anderson, receiver, who qualified and entered upon the discharge of his duties; that Lawrence J. Young, prior to the beginning of the foreclosure suit and at the present time, was in possession of the premises; that on or about November 18, 1941, Young delivered to an agent of the receiver, a key giving access to the lower portion only of the building; that at about the time of the appointment of the receiver, Young was given a copy of the order of court appointing Anderson receiver who demanded possession of the premises or payment of rent; that Young neither surrendered possession nor paid any rent; that the property was in good tenantable condition when the receiver was appointed but that Young had removed or permitted to be removed, all of the plumbing fixtures and lead pipes, electric fixtures and wiring, rear door to the store and rear porches, etc., rendering the building untenantable and practically destroying the value of it. That the removal of the items by Young, or permitting them to be removed, was in defiance of and contempt of court which was in possession of the building through its

receiver. That in the opinion of Bender, Young removed the items mentioned from the premises, or permitted them to be removed "as a means of vengeance" upon petitioner on account of petitioner's refusal to sell Young the trust deed and notes or to purchase from Young his pretended interest in the premises.

The prayer was that Young be required to restore the premises "to a good and tenantable condition and to replace . . . all portions thereof removed" by him or anyone with his sufferance. That in the event he refused to do so within a reasonable time to be fixed by the court he should be held to be in contempt of court and punished accordingly.

December 4, Young filed his verified answer in which he admitted that he was in possession of the premises at the time of the appointment of the receiver but averred that he had delivered up possession November 18, by delivering the key to the property to an agent of the receiver. He further averred that the premises were not intact and in good tenantable condition when the receiver was appointed and qualified; denied that he had removed or permitted to be removed, any of the fixtures, etc.; denied that he had "exercised any vengeance whatever upon the plaintiff," and averred that vandals unknown to him, at various times, had broken into the premises and removed part of the fixtures, etc. That he reported such acts of vandalism to the police on numerous occasions and one of the vandals was prosecuted criminally and convicted December 1, 1941; that there were possibly other prosecutions and convictions of the vandals of which he had no knowledge.

December 8, Young filed a petition for a change of venue but nothing appears to have been done and no reference is made to it by counsel for Young. December 18, the court entered the order appealed from, in which it is recited that the matter came on to be heard on the rule which had been entered against Young

December 1, on plaintiff's motion to show cause why he should not be held in contempt, etc.; that the court having considered the petition and the answer ''and having heard evidence and argument thereon'' and Young having been personally present in court at the time the rule requiring him to answer was entered, and also having been present at the hearing, the court found that the foreclosure suit was brought by Bender to foreclose the lien of a trust deed on the building in question; that Anderson was appointed receiver and qualified by giving bond and entering upon the discharge of his duties. The court further found that at the time the suit was brought, and prior thereto, Young was in possession of the premises and ''He presently continues in possession thereof,'' although on November 18, 1941, he delivered a key to an agent of the receiver which gave access to the lower portion of the building; that about the date Anderson was appointed receiver and qualified, he delivered a copy of the order of court appointing him, and demanded possession of Young or the payment of rent; that Young had paid no rent and had not surrendered possession of the premises.

The court further found that the premises were in good tenantable condition when the receiver qualified; that Young ''removed or permitted to be removed'' from the premises, since the receiver was appointed, all plumbing fixtures, lead pipe, electric fixtures and wiring, rear door to the store, rear porches, trim, windows, partitions, sewer covers and sewer pipes from the premises and that such removal was in open defiance and contempt of court and that Young had failed to purge himself, and the court also found that Young was guilty of a further contempt in that he wilfully committed perjury in open court during the hearing. It was ordered that he be committed to the county jail of Cook county for a period of 60 days or until sooner discharged in due course of law.

No brief has been filed by Bender.

The theory of Young, as stated by his counsel is (1) that the acts of destruction and waste charged against him to have been committed on the property in possession of the court, through its receiver, ''constitute a criminal contempt'' committed out of the presence of the court; that he should have been discharged on his sworn answer, in which he denied the charges made against him in the verified petition, and the court was not authorized to hear any evidence.

We think there is no merit in the contention. The charge of contempt made against Young in the petition was an indirect contempt committed out of the presence of the court, civil in its nature, brought to advance Bender's rights and not to vindicate the majesty of the law or the dignity of the court. Young was not entitled to be discharged on his sworn answer, but evidence was required and the court did not err in hearing the evidence. *People ex rel. Burgeson v. West Chicago Park Com'rs.*, 275 Ill. App. 387. But we are of opinion that the order appealed from cannot stand. The prayer of Bender's petition was that Young be required to restore the premises in a good and tenantable condition by replacing the parts he had removed therefrom and that in case he failed to do so, he be adjudged in contempt of court. The order did not require him to restore the parts, and under the allegations of the petition, the court was not warranted in adjudging him in contempt and sentencing him to jail without giving him an opportunity to restore the premises.

Counsel make the further point that the part of the order punishing respondent for his supposed perjury, committed on the hearing, was insufficient because it did not sufficiently set forth the facts which the court found constituted perjury. *People ex rel. Bain v. Feinberg*, 266 Ill. App. 306. The order finds that Young testified on several occasions that he had not

been at the premises since July, 1941, and "subsequently", that he had been there since that time. The court finds that he was at said premises on several occasions during the period in question, and that his denial of being there was wilful perjury, . . .

"(b) His testimony concerning the making and cancellation of contracts for repair of said premises and concerning a mechanic's lien claim filed by him was false and intended to mislead the court.

"(c) His demeanor on the witness stand was patently one of concealment, evasion and studied perjury."

We think these findings are insufficient. It might be that although Young testified he had not been at the premises since July, 1941, and that he subsequently testified that he had been there a number of times, he did not recall this until the matter was probably brought to his attention. He might have been honestly mistaken. The further finding of the court, above quoted, concerning the cancellation of contracts and the filing of a mechanic's lien, and Young's demeanor on the witness stand are wholly insufficient, under the law. In a direct contempt, no evidence is required or permitted and to protect the defendant the law requires that the facts be substantially found in the order adjudging him to be in contempt of court. *Rawson v. Rawson,* 35 Ill. App. 505; *People ex rel. Bain v. Feinberg,* 266 Ill. App. 306; *People v. LaScola,* 282 Ill. App. 328. The practice in contempt proceedings is pointed out by our Supreme Court in *People v. Sherwin,* 353 Ill. 525, where the court said (527–528): "It has long been established by the decisions of this and of other courts that a criminal contempt which is direct in its nature—i. e., which takes place in the very presence of the judge, making all of the elements of the offense matters within his own personal observation and knowledge, or which occurred out of his presence, if admitted by the contemnor in open court—may be

punished summarily by the court without any formality of pleading, notice or answer. (*People v. Rockola,* 346 Ill. 27.) It is, we think, equally well established that if the contempt is indirect—out of the presence of the court and which is therefore dependent for its proof upon evidence of some kind—there must be a notice, citation or rule to show cause served upon the alleged contemnor.''

For the reasons stated the order of the superior court appealed from is reversed and the matter remanded.

*Reversed and remanded.*

MATCHETT, P. J., concurs.

MR. JUSTICE MCSURELY specially concurring: I concur in the conclusion but not in all that is said in the opinion. I think the chancellor could have found Young guilty of contempt in wrecking the building and punished him for this, regardless of the kind of relief sought by Bender.