People of State of Illinois, Defendant in Error, v. Agnes Richardson, Plaintiff in Error.

Gen. No. 43,373.

Opinion filed February 14, 1946. Rehearing denied February 26, 1946. Released for publication February 26, 1946.

Arthur Frankel, of Chicago, for plaintiff in error.

William J. Tuohy, State's Attorney, for defendant in error; Jacob Shamberg, Gordon B. Nash, John T. Gallagher and George B. Duggan, Assistant State's Attorneys, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

This writ of error seeks to review two separate judgment orders. In each Agnes Richardson was found guilty of a direct contempt of court and the punishment imposed was ten days in the county jail.

As to the first amended judgment order, entered January 15, 1945:

The judgment order reads as follows:

"Amended Order

"This cause having come on to be heard on the rule to show cause heretofore issued in this court why Agnes Richardson should not be punished for contempt of court for refusing to answer certain interrogatories in a deposition heretofore taken before E. E. Wenger, Notary Public, and upon the sworn answer thereto heretofore filed by said Agnes Richardson, the Court Finds:

"1. That while the said Agnes Richardson was on the witness stand before this Court in the hearing on the contempt matter pending against her for refusal to answer certain interrogatories in her deposition taken before E. E. Wenger, the said Agnes Richardson, on to-wit: January 15, A. D. 1945, insulted, villified and abused this Court as appears from the transcript of said proceedings attached hereto, made a part hereof, and marked 'Exhibit A.'

"2. That said insulting, villifying and abusive language by said Richardson, addressed to this Court, constitutes an obstruction of justice, which conduct of said Agnes Richardson took place while this Court was

in open session and tended to lessen the dignity of this Court.

"3. The court further finds that said Agnes Richardson, who is now present in open court, is by reason of said conduct guilty of direct contempt of Court.

"Wherefore, The Premises Considered:

"It is Ordered and Adjudged that the transcript of said proceedings before this Court on January 15, 1945, which is attached hereto as 'Exhibit A' hereto, be and the same is hereby incorporated with and made a part of this order and marked 'Exhibit A' hereto, with the same force and effect as if the same were set forth herein; and

"It Is Further Ordered and Adjudged that said Agnes Richardson was and hereby is adjudicated guilty of and in direct contempt of this Court;

"And It Is Further Ordered and Adjudged that said Agnes Richardson stand committed to and be confined in the County Jail in said Cook County, State of Illinois, and that when arrested by said Sheriff, said Agnes Richardson be committed to said jail and that she be there held for ten (10) days or until otherwise discharged from said imprisonment by due process of law."

The transcript of the proceedings (Exhibit A) shows that Agnes Richardson was called as a witness by Mr. Martineau, attorney for Shamberg, and was being examined by him. It is agreed that the hearing was a proceeding in the case of *Harrison Parker v. Jacob Shamberg* wherein Parker sued Shamberg for slander. Mrs. Richardson was being examined as to her connection with the Puritan Church, at LaGrange, Illinois, and her knowledge of the officers and members of that church. The examination had reached a point where Mr. Martineau had a certain document marked for identification. The following then occurred: "Mr. Martineau: Now, your Honor, I call your attention to this document. We were told on December 4th that

this document was of record, and this lady has stated that Race, Norris and Minor were the trustees of this church at LaGrange, Illinois. The Court: Wait a minute. This is the first time it has come up. I want to know what goes on in the court room. Mr. Martineau: All right, I beg your pardon. The Court: In my twenty six years I have been on the bench, this is the first time I have come up against a situation like this, where an individual who is affiliated with a church, under erroneous advice, takes the position that they won't help the law unscramble a dirty, nasty situation. It is true that under our constitution and under our laws, we have freedom of religion. Now, we have one religion taking a crack at another religion, and by innuendoes, have records which they force persons to listen to when they ring your door bell, and tell you they want to tell you something about another religion, how bad it is, and so forth. And if you throw that person out, or tell him to go away from your porch, and don't contaminate your back porch or the alley and these persons call you names at that time—the Cities and Villages try to pass ordinances to meet that situation, and they have been found unconstitutional; apparently under the guize of religion, you can do almost anything. You can set up a wooden effigy and worship it and call it religion, what you believe personally. You can go out and villify every other religion. You can worship a totem pole. *This lady is clearly in contempt of court, and she is in contempt of court now. She knows she is not telling the truth. She has not searched her mind to attempt to tell the truth. She has been coached in open court by Mr. Parker to tell these things.* The Witness: Why Judge, I beg your pardon, coached—The Court: There are signals going on. Mr. Parker: I did not signal the lady. The Witness: That is a terrible statement. Mr. Parker: I did not signal the lady. The Witness: Judge, Your Honor, I didn't even look at Mr. Parker. Mr. Parker: No sir. The Witness: Why, Judge, that is an unkind

statement to make, your Honor. I resent that, because I am a lady. I was not even looking at Mr. Parker. I don't think that is very kind of you. The Court: Of course, I have got—The Witness: That was a terrible statement to make. I didn't even look at Mr. Parker. The Court: [addressing the bailiff of the court] What did you see? The Witness: That is a terrible statement to make. I never did such a thing. The Bailiff: She hesitated, and he shook his head. Mr. Parker: I never did such a thing. The Witness: That is a terrible thing. The Court: There are other persons— The Witness: I was looking at the stenographer. I saw that she had difficulty attempting to hear. I was wondering what her trouble was. And I think that was terribly unkind. The Court [addressing Parker]: You have brought about this whole thing. Mr. Parker: Maybe I have, but there is nothing the woman has testified to that I objected to. She is telling the truth. I will tell you right now she is telling the truth. The Court: I don't think so. Mr. Parker: This is the time, Your Honor, she is telling the truth. The Witness: Yes. Mr. Parker: She was not present at that meeting when these men resigned and Mr. Minor and Mr. Race and Mr. Norris were elected. She never even saw those persons. She doesn't even know them. The Court: Mr. Parker, will you please sit down. Mr. Parker: No, I am helping your Honor. The Court: You are not helping. Mr. Parker: She has told you the facts. The Court: You are entitled under the law to represent Harrison Parker. Mr. Parker: That is what I am doing. The Court: All right, sit down. This has nothing to do with Harrison Parker. It is this lady. The Witness: Judge, Your Honor, I will defend myself. I am a lady of character. I will stand on my own feet as a lady. I resent the insult of this court. I was not looking at Mr. Parker. I was looking at the stenographer. The Court: You can resent it, but you must obey the law. The Witness: I am obeying the law. The Court: You are not obeying the law.

*You come into this court not intending to obey the law to tell the truth.* The Witness: Judge, I think your imagination is running away with you. I have no reason to disobey anything. The Court: You are showing disrespect of the court. The Witness: Judge, I am telling the truth, before God, I am. You can judge me the way you want. There is a God above that judges all. The Court: Madam, you go to jail for ten days for contempt of court. The Witness: I knew that would happen. The Court: You have talked yourself into trouble. The Witness: Judge, Your Honor, I am [was] standing on my feet. I was not looking at Mr. Parker. I was looking at the stenographer. I am better off. The Court: Be quiet. The Witness: Is your imagination running away with you?· The Court: Will you take this lady out of court. The Witness: I am going.'' ' (Italics ours.)

■ ''. . . The only matter that can properly be considered on such a review is the order of the court adjudging the party to be in contempt. *People v. Hogan,* 256 Ill. 496; *People v. Gard,* 259 Ill. 238; *Kneisel v. Ursus Motor Co.,* 316 Ill. 336; *People v. Rockola,* 346 Ill. 27; *People v. Andalman,* 346 Ill. 149; *People v. Saylor,* 238 Ill. App. 142; *Tunnell v. People ex rel. Miller,* 253 Ill. App. 422; *Whittem v. State,* 36 Ind. 196; *Ex Parte Terry,* 128 U. S. 289.'' (*People ex rel. Bain v. Feinberg,* 266 Ill. App. 306, 308.)

Parker's attorney represents Mrs. Richardson in this court, and in the brief he filed in her behalf he states that ''in order that there be no miscarriage of justice, the matters of both Parker and Agnes Richardson must be construed and considered together,'' and counsel for The People, in their brief, seize upon this statement and attempt to prejudice Mrs. Richardson's case by injecting into this contempt proceeding alleged acts of Parker that are not shown in the instant record and that cannot be considered in determining the merits of the instant writ of error. In passing upon the

merits of this writ of error we must consider only the order of the court adjudging Mrs. Richardson guilty of direct contempt. That order did not, and could not, under the law, find Mrs. Richardson guilty of perjury. It found that Mrs. Richardson *"insulted, villified and abused this Court* as appears from the transcript of said proceedings attached hereto, made a part hereof, and marked 'Exhibit A,' "' and we must test the findings of the trial court by a consideration of that exhibit.

While it is the duty of a witness to show proper respect to the trial court, it is also the duty of the trial judge to maintain his judicial poise and to show due respect and consideration to a witness, and not to manifest hostility toward her. Furthermore, a judge in dealing with an alleged contempt committed in his presence should not act hastily but should proceed with great caution and deliberation. (*People v. Rongetti*, 344 Ill. 107, 122.) We take notice of the fact that we have this day filed an opinion in *People of the State of Illinois v. Harrison Parker*, Gen. No. 43372 [328 Ill. App. 46], in which case Judge TRUDE found Parker guilty of direct contempt for filing with the clerk of the Circuit court certain documents and a pleading, and that in one of the documents filed a serious and wanton charge was made against the father of Judge TRUDE. The filing took place a few days before the instant proceeding, and it is reasonable to assume that Judge TRUDE still felt justly incensed against Parker. The transcript shows that he was provoked at Parker because the latter attempted to take part in the proceedings, although Parker was the plaintiff in the cause and was acting as his own lawyer. However, regardless of his feelings against Parker, it was the duty of the court to preside impartially in the cause; to maintain his judicial poise, and to treat the witness, Mrs. Richardson, a friend and follower of Parker, fairly. The transcript shows that the trial

court did not treat Mrs. Richardson fairly and that he manifested hostility toward her during the entire examination. We will first dispose of the charge made by the trial court during the proceedings, that Mrs. Richardson was being coached in open court by Parker. That charge was based upon the unverified statement of the bailiff of the court, and his statement, that "she hesitated and he shook his head," does not even make out a *prima facie* showing that any testimony Mrs. Richardson gave was affected by the alleged coaching of Parker. Moreover, the judgment order does not find her guilty of direct contempt because of the alleged coaching, so that charge must be disregarded. When the trial court stated that "This lady is clearly in contempt of court, and she is in contempt of court now. She knows she is not telling the truth. She has not searched her mind to attempt to tell the truth. She has been coached in open court by Mr. Parker to tell these things," Mrs. Richardson had a right to defend herself, in a proper manner, against the serious charges made against her. Silence on her part would have warranted an inference that she acquiesced in the charges. The trial court apparently based his finding that Mrs. Richardson showed disrespect of the court upon the following part of the transcript: "The Witness: Judge, Your Honor, I will defend myself. I am a lady of character. I will stand on my own feet as a lady. I resent the insult of this court. I was not looking at Mr. Parker. I was looking at the stenographer. The Court: You can resent it, but you must obey the law. The Witness: I am obeying the law. The Court: You are not obeying the law. *You come into this court not intending to obey the law to tell the truth.* The Witness: Judge, I think your imagination is running away with you. I have no reason to disobey anything. The Court: You are showing disrespect of the court. The Witness: Judge, I am telling the truth, before God, I am. You can

judge me the way you want. There is a God above that judges all. The Court: Madam, you go to jail for ten days for contempt of court. The Witness: I knew that would happen. The Court: You have talked yourself into trouble. The Witness: Judge, Your Honor, I am [was] standing on my feet. I was not looking at Mr. Parker. I was looking at the stenographer. I am better off. The Court: Be quiet. The Witness: Is your imagination running away with you? The Court: Will you take this lady out of court. The Witness: I am going." (Italics ours.) Mrs. Richardson was not a lawyer and she was not represented by a lawyer. From the outset of the examination the trial court showed that he was strongly prejudiced against the witness and it is somewhat surprising, in view of the hostile attitude the trial court manifested against her and the serious charges that he made against her, that the witness controlled herself as well as she did. She was undoubtedly excited and provoked by the charges and under all of the circumstances it would be a harsh rule that would require her to carefully select her words in defending herself. To justify the instant judgment it would have to clearly appear that she showed a disposition to affront the authority and dignity of the court. We are satisfied that when the trial judge sentenced Mrs. Richardson to ten days in jail on the ground that she had *"insulted, villified and abused" the court,* he had temporarily lost his usual judicial temperament and good judgment. The first amended judgment order must be and it is reversed.

As to the second judgment order for contempt:

This order, entered February 15, 1945, reads as follows:

"Order

"This Cause Coming On This Day To Be Heard on the motion of Agnes Richardson, a true and correct copy of which is attached hereto, made a part hereof, incorporated herewith, and marked 'Exhibit A'; and

the Court being duly advised in the premises, Finds:

"1. The Court has jurisdiction of the parties and of the subject matter hereof.

"2. That on, to-wit, February 15, 1945, said Agnes Richardson, presented in open court a certain false, scurrilous, defamatory motion, verified by her oath, a true and correct copy of which is attached hereto, made a part hereof, incorporated herewith, and marked 'Exhibit A'.

"3. That the charge in said affidavit, that this court had destroyed the papers described therein, is false and malicious in that said papers described in said motion consisted of 9 typewritten pages bearing the initials '–2–js', '–3–js', '–4–js', '–5–js', '–6–js', '–7–js', '–8–js', '–9–js', '–10–js', and had not been destroyed by this court but were and are still being held by this court for the purpose of holding the same until the matter is disposed of.

"4. That the filing by said Agnes Richardson of said false, scurrilous and defamatory motion, which is attached hereto, made a part hereof, and marked 'Exhibit A', constitutes an obstruction of justice and in abuse of the processes of this court, which conduct of said Agnes Richardson took place while this court was in open session and tended to lessen the dignity and authority of this court.

"5. That said Agnes Richardson, who is now here present in open court, is, by reason of said conduct, guilty of direct criminal contempt of this court.

"Wherefore, The Premises Considered:

"It Is Ordered and Adjudged that said false, defamatory, scurrilous motion and affidavit, presented by said Agnes Richardson in open court on February 15, 1945, be, and the same is hereby, ordered to be marked 'Exhibit A', incorporated herewith and made a part of this order.

"It Is Further Ordered and Adjudged that said Agnes Richardson was and hereby is adjudicated

guilty of and in direct criminal contempt of this court.

"It Is Further Ordered and Adjudged that said Agnes Richardson stand committed to and be confined in the County Jail in said County of Cook, State of Illinois, for a period not to exceed ten (10) days; and

"The Court Further Hereby Orders and Adjudges that a warrant of commitment do now issue in due form for the arrest forthwith of said Agnes Richardson, directed to the Sheriff of Cook County, in the State of Illinois, and that, when arrested by said Sheriff, said Agnes Richardson be committed to said jail and that she be there held for a period not to exceed ten (10) days, or until she shall be otherwise discharged from said imprisonment by due process of law."

Exhibit A attached to the judgment order reads as follows:

"Motion

"Now comes Agnes Richardson, defendant in the above entitled cause, pro se, and represents:

"That on to-wit, the 13th day of February, 1945, she served notice and presented a motion to have the stenographic report of the instant proceeding certified to be correct by DANIEL P. TRUDE, Judge of this Honorable Court.

"That said stenographic report consisted of thirty-five (35) consecutively numbered pages numbered one (1) to thirty-five (35), inclusive, and each page was numbered at the bottom thereof in consecutive order.

"That said stenographic report of the proceedings contained an affidavit signed by Jenny A. Strand, court reporter, to the effect that said stenographic report is a true and correct transcript of all the evidence heard.

"That after an examination of the said stenographic report consisting of the said thirty-five (35) consecutively numbered pages and containing the certification as to correctness by the said Jenny A. Strand, court

reporter, the said DANIEL P. TRUDE, Judge of this Honorable Court, did with his own hands in open court, while seated on the Bench, remove from the said stenographic report of the proceedings, over the objection of this movant, nine (9) pages numbered two (2) to ten (10), inclusive, with the result that said pages numbered one (1) and said pages numbered eleven (11) through thirty-five (35) do not represent all of the proceedings in this instant cause, and are not a true and correct stenographic report of the proceedings therein.

"That by said act, said DANIEL P. TRUDE, Judge of this Honorable Court, has destroyed important papers and files of this instant proceeding, he has vitiated and destroyed the value of the certification by the said Jenny A. Strand, and he has contrived to alter and destroy the stenographic report of the proceedings in this case, and he has alone, and by himself, contrived by his said act to pervert and subvert justice by his said acts.

"That after the said DANIEL P. TRUDE, Judge, did mutilate said stenographic report of the proceedings, as aforesaid, he then and there signed a false and untrue certification in said proceeding, that 'the above and foregoing is a true and correct report of proceedings at said hearing.'

"That in addition thereto, he did, on said date, sign an order submitted by this movant certifying this said mutilated, incomplete and incorrect stenographic report of said proceedings 'as being a correct stenographic report of the proceedings herein', and he also ordered 'the same is hereby ordered to be made a part of the record of the within matter.'

"Wherefore, Agnes Richardson moves the Honorable DANIEL P. TRUDE, Judge:

"That at his own expense, forthwith, he restore those nine (9) pages that he has removed from said

stenographic report of the proceedings certified to be correct by Jenny A. Strand, court reporter.

[Signed] "Agnes Richardson"

(Here follows the verification.)

The action of the respondent in filing this motion cannot be defended nor excused. The language of the motion clearly reflects on the integrity of the court, and constituted a direct contempt of court. (See *People v. Sherwin*, 334 Ill. 609, 615.)

The first amended judgment order for contempt, entered January 15, 1945, by the Circuit court of Cook county, is reversed. The second judgment order for direct criminal contempt, entered February 15, 1945, by said court, is affirmed.

*First amended judgment order for contempt, entered January 15, 1945, by the circuit court of Cook county, reversed. Second judgment order for direct criminal contempt, entered February 15, 1945, by the circuit court of Cook county, affirmed.*

FRIEND, P. J., and SULLIVAN, J., concur.